INGRAHAM, P. J., LAUGHLIN, CLARKE and MILLER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

In the Matter of the Application of LEWIS M. ISAACS, Appellant, a Party, to Vacate a Subpœna Duces Tecum Issued to Him and Others.

EAST RIDGELAWN CEMETERY and WEST RIDGELAWN CEMETERY, Respondents.

First Department, December 29, 1911.

Witness — deposition — action pending in other State.

A witness cannot be examined in this State in an action pending in another State unless it be at issue, and where, under the practice in the other State, the service of a replication is essential to bring the cause to issue the subpœna cannot issue until such service has been made.

APPEAL by Lewis M. Isaacs from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1911.

*Adam Frank*, for the appellant.

*Terence J. McManus*, for the respondents.

SCOTT, J.:

This is an appeal from an order of the Special Term deny-ing a motion to vacate service of a subpœna *duces tecum* to examine in this State a resident of this State, before a master in chancery of New Jersey, in an action pending in the State of New Jersey. The subpœna is issued under a notice given in pursuance of the New Jersey statute. The procedure in such a case is regulated by sections 914, 915 and 919 of the Code of Civil Procedure, and rule 17 of the General Rules of Practice. The latter requires that the petition for the subpœna must show that the testimony sought to be taken is "material to the issues presented in such action or proceed-ing." In order to bring the case within the rule, therefore, there must be an action or proceeding pending in another State in which there are existent issues of fact to which the evidence sought to be elicited would be relevant. It appears that the action pending in New Jersey is in equity for the fore-closure of a mortgage and that a bill of complaint and answers have been filed. There are attached to the moving papers the answers which contain in the main what appear to be affirma-tive defenses. There is no bill of complaint attached so that we cannot say from an inspection of the pleadings what issues of fact, if any, have been raised. It appears from an affidavit by a New Jersey attorney that according to the chancery prac-tice in that State, no issue is joined upon which evidence can be taken merely by the filing of the complaint and answer. To raise an issue of fact a replication is necessary, and if the cause be brought on for hearing upon the complaint and answer alone no testimony can be introduced. This is not denied by another New Jersey lawyer who makes an affidavit in support of the order for a subpœna, but he says that under the laws and practice in New Jersey it is only necessary that an action should be pending in order to permit of taking testi-mony *de bene esse*, and it is not necessary to wait until issue is joined. The question we have to deal with now relates to the law and practice of our own State and not to those of New

Jersey.   Under our rules issue must be joined before a subpœna can be directed in a case like the present, and the evidence sought must be relevant to such issue.   That condition was not shown to exist in the present case.

The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

INGRAHAM, P. J., MCLAUGHLIN, CLARKE and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.