In the Matter of the Application of JOHN A. BERNHARD, as Receiver of NEWARK PLAZA CORPORATION, a Corporation of New Jersey, Appellant, for the Issuance of a Subpœna Directed to ABRAHAM E. LEFCOURT and Another, Respondents, to Take Their Testimony in a Certain Action Pending in the State of New Jersey.

First Department, November 13, 1931.

*James A. Dilkes* of counsel [*Wise, Whitney & Parker,* attorneys], for the appellant.

*Charles C. Peters* of counsel [*Krakower & Peters,* attorneys], for the respondents.

MARTIN, J.   On January 15, 1931, while a suit was pending in the State of New Jersey, wherein David Schrenell and Louis J. Platt, as receivers of Schrenell Bros., Inc., were complainants and the Newark Plaza Corporation was defendant, the petitioner, John A. Bernhard, was duly appointed receiver of the defendant corporation by order of the New Jersey court and since that day has been acting as such receiver, and conducting examinations of witnesses in New Jersey concerning the affairs and transactions, acts and conduct of the officers, agents, creditors or stockholders of said Newark Plaza Corporation.

Abraham E. Lefcourt was and is the president and Louis A. Haas was and is the vice-president of the Newark Plaza Corporation. Both of these men reside in the county and State of New York and it is alleged that although each has intimate knowledge of the financial transactions of the corporation and of the acts and conduct of its officers, agents, creditors and stockholders they have refused

to submit to an examination in the receivership proceedings within the State of New Jersey.

The Chancery Court of New Jersey entered an order granting the receiver the right to examine witnesses outside the State of New Jersey, and appointed him commissioner to take the testimony of such witnesses upon all matters material and necessary to the affairs and transactions of the company; the acts and conduct of any of its officers or agents; the obligations and liabilities of any officer or agent, for the purpose of securing a distribution of the assets of said Newark Plaza Corporation, and for the determination of claims of creditors and others of said corporation. .

Upon the application of the commissioner, made under the provisions of the Civil Practice Act and rule 136 of the Rules of Civil Practice, the Special Term, New York county, issued a subpœna to Abraham E. Lefcourt and Louis A. Haas, returnable May 20, 1931, before the commissioner at the office of the attorneys for the commissioner, Wise, Whitney & Parker, 15 William street, New York city.

The witnesses who had been thus subpœnaed moved at Special Term to vacate the subpœna, contending that appellant had failed to set forth facts warranting the issuance of such a subpœna. The motion was granted with an opinion as follows: "Assuming the moving party's contentions that the action is still pending, although there seems to have been a judgment by default, nevertheless there are no issues presented upon which an examination may be had. None were presented in the motion for the subpœna as required by rule 136 of the Rules of Civil Practice."

In the present case a decree of a New Jersey court was entered in a proceeding to have the Newark Plaza Corporation declared insolvent and a receiver appointed. The respondent declares that this decree was final and ended the litigation instituted by the receiver of Schrenell Bros., Inc. The appellant contends that the decree was not final since the defendant can obtain an order vacating the prior papers if it can show that the orders were improvidently entered.

In order to protect the citizens of this State it has been held that the moving papers must show that the application is made in good faith and to promote the ends of justice. The making of the application is not sufficient. It must appear that the purpose is proper, that an action is pending and that issues are involved.

The court had no power to issue a subpœna requiring the attendance of a person before a commissioner or other official to testify in an action pending in a foreign State unless there was a compliance with the statutes permitting such examination.

In *Matter of Interocean Mercantile Corp.* (204 App. Div. 284; affd., 236 N. Y. 587) the court said: " Concededly, in this State, the power of a court to issue a commission without the consent of the parties, to take the testimony of a witness out of the State, depends entirely on statute and can only be exercised in the cases therein specified. (*Matter of an Attorney*, 83 N. Y. 164; *Paddock* v. *Kirkham*, 102 id. 597.) "

In *Matter of Isaacs* (148 App. Div. 157) this court, speaking through Mr. Justice SCOTT, held that the papers must show that there is an issue in the court of the foreign State before this court will permit an examination of a respondent under a subpœna, and that a witness cannot be examined in this State in an examination or proceeding pending in another jurisdiction unless it be at issue.

In *McColl* v. *Sun Mutual Ins. Co.* (50 N. Y. 332) the court held that a commission was not authorized until an issue of fact was shown.

In *Matter of Spinks* (63 App. Div. 235) the court held that a subpœna will not issue as of course, upon showing the pendency of an action within a foreign jurisdiction and the presence of a witness within our State. It must be shown that there is a real issue involved before the witness will be compelled to testify.

In a proper case it should not be a difficult matter for a petitioner to set forth facts to bring the application within the provisions of the Civil Practice Act (§§ 310–312) and the decisions governing this subject. While the courts should aid in every reasonable manner to protect the interests of those seeking such an examination, we must not overlook the fact that the citizens of this State are also entitled to protection. No hardship is imposed upon a person seeking the issuance of a subpœna by compelling him to comply with the Civil Practice Act. A compliance with the provisions thereof will result in the issuance of a subpœna, and at the same time will safeguard the rights of those subpœnaed.

Sufficient ground for the issuance of the subpœna in this case was not shown, and the interests of those subpœnaed as witnesses, residents of this State, were not properly protected. The petitioner must show merit in the application, otherwise it must be denied.

The issuance of the subpœna was properly vacated, and the order should be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; McAVOY, J., dissents.

McAVOY, J. (dissenting). A receivership proceeding is pending in the Court of Chancery of the State of New Jersey and an order

was there issued appointing the petitioner commissioner to take in the State of New York the testimony of Abraham E. Lefcourt and Louis A. Haas, residents of the city of New York, for use in said proceeding. Pursuant to an application made by the commissioner, one of the justices of the Supreme Court, on May 8, 1931, issued a subpœna returnable on May 20, 1931. Thereupon the witnesses subpœnaed moved the Special Term of this court to vacate the subpœna on various technical grounds, such grounds in part being that the examination was not sought in good faith, that there was no pending action or proceeding, and that the petition did not show the examination to be material to issues in the New Jersey proceeding. The motion was granted at Special Term.

The requirements for the issuance of a subpœna under sections 310 and 311 of the Civil Practice Act are not as rigid as those for a deposition taken in this State for use therein, or as those for an examination before trial. In the latter two instances, the courts of this State must determine, for example, whether there are any material issues upon which the deposition may be had, or whether there is any pending action or proceeding in which it may be used. When the commission emanates from a foreign State, the mere issuance of the commission from the sister State, or the entry of the order therein, determines the materiality and necessity for the taking of the deposition for our courts, and the fact that there is an action or proceeding in which it is to be used.

The order of the New Jersey court having been entered in a " proceeding " (described in section 311 of the Civil Practice Act), which proceeding is still pending, there is no requirement that issues be set out *in extenso*. An averment in the petition that the testimony sought is material in the foreign suit and the recitals of the order of the court of a sister State that it has so determined require, under well-recognized rules of comity, that our courts give heed to the request that a commissioner be authorized to examine a witness, and that a subpœna here enforcible may issue.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the subpœna denied, with ten dollars costs, and a new date set for the examination.

Order affirmed, with ten dollars costs and disbursements.