■ In the Matter of JOEL R. BRANDES, Respondent. MARY W. HARRIS et al., Appellants.—In a proceeding pursuant to CPLR 3102 (subd [e]) in aid of discovery in a matrimonial action commenced in the State of Massachusetts, three nonparty witnesses appeal from so much of an order of the Supreme Court, Nassau County, entered February 21, 1980, as denied, in part, their motion to vacate an ex parte order of the same court dated October 26, 1979, which, *inter alia,* directed them to submit to depositions upon oral questions. Order affirmed insofar as appealed from, with $50 costs and disbursements. The appellants are the parents and brother of Mrs. Mary Ann Livens, who is a defendant in a matrimonial action in Massachusetts. In or about June of 1979 Mr. Livens moved, in the Massachusetts action, to

take the appellants' oral depositions in New York and requested that the court issue commissions for that purpose. The motion was granted and the commissions were issued. When the appellants refused to attend depositions or produce the requested documents, petitioner, an attorney, was retained in New York. As a result of a motion made by Mr. Livens in September, 1979 a Massachusetts court reissued the commissions to petitioner and granted him the authority to request the documents originally requested. Upon motion by petitioner, the appellants were ordered to appear for the oral depositions and produce the records requested. This order was subsequently modified by limiting the production of the documents requested to those in the appellants' possession. CPLR 3102 (subd [e]) provides: "(e) Action pending in another jurisdiction. When under any mandate, writ or commission issued out of any court of record in any other state, territory, district or foreign jurisdiction, or whenever upon notice or agreement, it is required to take the testimony of a witness in the state, he may be compelled to appear and testify in the same manner and by the same process as may be employed for the purpose of taking testimony in actions pending in the state. The supreme court or a county court shall make any appropriate order in aid of taking such a deposition." This procedure is to be liberally construed (CPLR 104; *Matter of Baltimore Jewelry Co.,* 152 NYS2d 793). When an objection is raised by the witness to be examined, our courts need only "observe that his fundamental rights are preserved, that the scope of inquiry is within the issues of the pending action, and that the examination is a fair one" *(Matter of Baltimore Jewelry Co., supra,* p 795). Contrary to the appellants' claim, CPLR 3102 (subd [e]) does not require a showing of special circumstances, as is required under CPLR 3101 (subd [a], par [4]). Since there is no question that the scope of the inquiry herein is relevant to the pending action and is otherwise proper, the order of Special Term must be affirmed. Damiani, J. P., Lazer, Mangano and Cohalan, JJ., concur.