OPINION OF THE COURT
Stanley L. Sklar, J.
This application raises issues concerning the enforcement by our courts of letters rogatory issued by a foreign nation. We must consider the ex parte issuance of the letters, their scope, and a question of evident first impression under the CPLR, what proceedings are necessary in the foreign nation to justify their acceptance in our State?
The movant, Julio Joison, a citizen of Argentina, seeks an order vacating the order of a Justice of this court which appointed Laurence Levine commissioner to take testimony from various New York banks pursuant to letters rogatory issued out of an Argentine court which was attempting to settle the estate of Joison’s father. In addition Joison seeks to quash subpoenas duces tecum issued pursuant to that order and to enjoin Levine from taking any actions pursuant to the order.
*923 Claiming that the order was granted ex parte, its scope was too broad, and it was not issued in a pending action but merely for investigative purposes, the movant maintains that it should be set aside. Finding that the order was made in conformity with CPLR 3102 (subd [e]), the application is denied in toto.
EX PARTE
Movant’s first argument, that the order violated his due process rights because it was issued ex parte, is without merit. CPLR 3102 (subd [e]) authorizes the issuance of an ex parte order where it implements a commission issued out of any court of record in any foreign jurisdiction. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:9, p 268; see Brandes v Harris, 78 AD2d 638.)
Moreover, he has the opportunity on this application to contest the order. Movant also argues that the letters rogatory were obtained ex parte in Argentina. However, it appears from a decision of an Argentine court submitted on this motion that movant sought to vacate the order of that court. His application was denied in a lengthy decision. That denial was affirmed by an appellate court.
Also, this is not a case in which the government of Argentina is a party. Rather, it is a civil case among private persons — members of the same family, some of whom are accusing Joison of fraud in connection with an estate. Joison does not even make any allegations of any impropriety or irregularity in connection with the proceedings in Argentina (other than their ex parte nature) that would offend our view of due process and possibly cause us to view the foreign proceedings in a different light. On the contrary, it even appears that the applicants for letters rogatory were required to post a bond. As to the ex parte nature of the proceeding, Joison, as already noted, has unsuccessfully sought to rescind the letters rogatory.
OVERBROAD DISCOVERY
Next, Joison argues that the scope of discovery authorized was overbroad. He claims that because the petition seeks information regarding his personal accounts and *924 those of his immediate family, it goes beyond the need of inquiry into his late father’s estate.
The policy underlying CPLR 3102 (subd [e]) is to make New York’s “disclosure procedures available to the foreign litigant who needs something from someone in New York” (Siegel, op. cit., CPLR C3102:9, p 269). New York’s proce: dures mandate “full disclosure of all evidence material and necessary”. (CPLR 3101, subd [a].) In addition, it must be observed that our courts give wide latitude to examinations conducted pursuant to CPLR 3102 (subd [e]). (Brandes v Harris, 78 AD2d 638, supra; Matter of Roberts, 214 App Div 271.) “[O]ur courts need only [insure] * * * that the scope of inquiry is within the issues of the * * * [foreign proceeding], and that the examination is a fair one”. (Brandes u Harris, supra, p 639; Matter of Bernhard v Lefcourt, 233 App Div 609, 611.)
Here, where there were allegations of fraudulent concealment of assets by the decedent, and the movant’s argument is bolstered by the discovery of two New York bank accounts, the existence of which were denied prior to the issuance of the letters rogatory, it is clear that the bank records, past and present of the movant and his family, are “material” for the purpose of tracing assets in order to settle the distribution of the decedent’s estate. The requested information is within the scope of the issues involved in the foreign proceeding. Moreover, the moving papers show that Levine’s petition was “made in good faith and to promote the ends of justice” (Bernhard v Lefcourt, 233 App Div 609, 610). Accordingly, Joison’s overbreadth argument fails.
PENDING ACTION
Joison also argues that since the letters rogatory were not issued in a pending action, the court abused its discretion in ordering the commission. He claims that his father’s estate has been settled and that there is no action pending in Argentina. A perusal of the letters rogatory indicates otherwise. The letters refer to a proceeding entitled “Joison et al v Joison”. Further, it states that it “is being issued for the purpose of determining common hereditary property and discussing rights of inheritance”.
*925 Assuming, arguendo, that there was no pending proceeding, would that fact .mandate the granting of Joison’s motion to vacate the order? Relying on a case entitled Matter of Klein (309 NY 474), the movant claims that it does. That case, however, was based on the predecessor to CPLR 3102 (subd [e]), which required a pending action in the foreign jurisdiction. CPLR 3102 (subd [e]) does not expressly require such an action. Movant is cognizant of this but suggests that the court in its discretion should grant his motion.
This court is not in accord with movant’s suggestion.
As noted above, the policy underlying CPLR 3102 (subd [e]) is to make New York disclosure procedures available to the foreign litigant. Since CPLR 3102 (subd [c]) clearly sanctions preaction disclosure, it follows that this procedure would be available to the foreign litigant as well. Where, as is true here, a prima facie cause of action is demonstrated, preaction disclosure is authorized.
Finally, Joison’s request for injunctive relief is denied. He has failed to make the requisite showing of irreparable harm.
Accordingly, the motion is denied, in toto.