OPINION OF THE COURT
John G. Connor, J.
The New York State Insurance Association by an order to show cause moves to quash a subpoena duces tecum to orally examine and produce books, records and papers. The moving party herein makes such objection based upon an ex parte order, claiming that oral examination of a non-party connected with the production of books and records must be made by notice thereby giving the nonparty an opportunity to present its opposition.
The Practice Commentaries to CPLR 3120 entitled, “Discovery Against Nonparty Witness”, recites: “The procedure is the usual motion-on-notice to all parties, but with the further requirement that the nonparty witness himself be served with the notice of motion so as to be able at the outset to offer whatever he wishes to show the discovery inappropriate or unnecessary. (A given adverse party might be indifferent to the application and not even show up to oppose it.)” (Siegel, McKinney’s Cons Laws of NY, Book 7B, CPLR C3120:12, p 523.)
CPLR 3120 (subd [b]), as against a nonparty, provides the nonparty shall be served with the notice of motion in the same manner as a summons.
*172 Here the moving party (nonparty to the underlying lawsuit) is required to appear pursuant to an ex parte order to produce documents, as well as to examine orally a nonparty as to questions of his or her knowledge of the facts relating to the information collected by a nonparty.
In view of the broad provisions encompassed in the ex parte order to orally examine a nonparty, the nonparty should have an opportunity to first appear to give its side as to whether any person shall defray the expenses to be incurred to the nonparty.
The party seeking to orally examine the nonparty herein relies upon CPLR 3102 (subd [e]) entitled, “Action pending in another jurisdiction.” Said section provides that the Supreme Court or County Court shall make any appropriate order in aid of taking a deposition.
The Practice Commentaries to CPLR 3102 entitled, “Disclosure to Aid Foreign Proceedings”, recites:
“If the seeker of the local disclosure has any doubt about what procedure to follow, he would best proceed by order to show cause in which the court can set forth the persons to be served, the methods of service and any other relevant guidance called for * * *
“The Advisory Committee noted, though CPLR 3102(e) itself does not say, that the application under subdivision (e) may be made ex-parte. 1st Rep., Leg. Doc. (1957) No. 6(b), p. 124.” (Siegel, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:9, p 268.)
The better practice, as here, would be to give notice to the nonparty, where a party seeks to orally examine such nonparty by a commission issued from a foreign jurisdiction instead of merely obtaining an ex parte order.
By reason thereof, New York State Insurance Association is hereby granted an order vacating the subpoena duces tecum.