OPINION OF THE COURT
Martin B. Stecher, J.
Defendant moves for an order punishing Jill Burkee and German Pucci for contempt of court because of their failure, as nonparty witnesses, to comply with a subpoena duces tecum to appear at a pretrial deposition.
The 1984 amendment to CPLR 3101 (a) (4) permits one to obtain disclosure by nonparties “upon notice stating the circumstances or reasons such disclosure is sought or required.” The intent of the amendment is to liberalize a party’s right to obtain a nonparty’s disclosure, shifting to the latter, or an adversary of the one seeking disclosure, the burden of seeking a protective order (CPLR 3103 [a]) or other protective devices (CPLR 3104) in a proper case; and not requiring judicial intervention in every case as mandated by the prior statute. The notice served upon these nonparty witnesses does not disclose the circumstances or reasons their testimony is sought. One reason for requiring such a notice is to enable nonparty, or the adversary, to make a reasoned judgment as to the course he should follow; whether or not to seek a protective order or to appear in response to the subpoena.
Failure to comply with the clear language of the statute makes the subpoena fatally defective. The fact that Burkee and Pucci are alleged to know the "circumstances” of this action, does not excuse the failure to comply with CPLR 3101 (a) (4). Finally, there is no obligation on the part of a subpoenaed nonparty to either respond to or move against a subpoena which is defective on its face. The motion is denied.