*885 OPINION OF THE COURT
Martin B. Stecher, J.
Defendants in an accountant malpractice action commenced in the Circuit Court for the County of Wayne, State of Michigan, make this application pursuant to CPLR 3102 (e) for an ex parte order directing the custodian of records for Gary B. Wolff, P. C., a nonparty to the Michigan litigation, to appear for a deposition and to produce documents at the office of defendants’ New York counsel.
The Michigan subpoena, purportedly "issued by the Michigan courts under MCR 2.306 of the Michigan Court Rules”, no copy of which is provided, is signed by defendants’ Michigan attorney. A copy of a notice of deposition duces tecum, indicating the intention to take the deposition of Gary B. Wolff, P. C. and another nonparty, is annexed, and, according to defendant’s Michigan attorney, was filed with the Wayne County Circuit Court and served on plaintiffs. That notice states "It is understood that defendants are not at this time requesting oral testimony of the record custodians if such records can be produced.”
In declining to sign the proposed ex parte order, I issued the following memorandum: "In the absence of a judicial mandate (CPLR 3102-e) and in accordance with the spirit of CPLR 3101 (a) (4) [see Pavia v 810 Broadway, 130 M 2d, 1054] this application should be made on notice to the witness and adversary and not ex parte.”
Undaunted, defendants’ New York counsel renewed its application arguing that "the judicial mandate requirement of CPLR 3102-e was met by the annexed subpoena from the State of Michigan” and that after service upon it of the subpoena the "opposing party would have time to exercise its right to seek a protective order or other protective devices.”
Subdivision (e) of CPLR 3102 provides: "(e) Action pending in another jurisdiction. When under any mandate, writ or commission issued out of any court of record in any other state * * * or whenever upon notice or agreement, it is required to take the testimony of a witness in the state, he may be compelled to appear and testify in the same manner and by the same process as may be employed for the purpose of taking testimony in actions in the state.”
This section was "designed to make available the machinery of the New York judiciary to secure disclosure from any person subject to New York jurisdiction for use in a proceed *886 ing in any other jurisdiction” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:9, at 268). Although CPLR 3102 (e) does not so state, the Advisory Committee noted that an application under this section may be made ex parte (ibid.).
Ex parte orders authorized by CPLR 3102 (e) have been enforced where the order enforces letters rogatory issued by a foreign Nation’s court ("implements a commission issued out of any court of record in any foreign jurisdiction”) (Matter of Levine, 116 Misc 2d 922, 923) or enforces a commission to take testimony in this State issued by a sister State’s court (Matter of Brandes [Harris], 78 AD2d 638). However, as one court put it, "[t]he better practice * * * would be to give notice to the nonparty * * * instead of merely obtaining an ex parte order” (Matter of New York State Ins. Assn. [Asbestos Ins. Coverage Cases], 125 Misc 2d 171, 172).
Unlike situations where a foreign Nation issued letters rogatory (Matter of Levine, supra) or where, on motion before another State’s court, commissions were issued (Matter of Brandes [Harris], supra), here the sole so-called "mandate, writ or commission issued out of any court of record in any other state” is a subpoena signed by defendants’ Michigan attorney. That document is an inadequate "mandate” to serve as a basis for a New York court to issue an ex parte order to testify, much less to produce documents.
"The policy underlying CPLR 3102 (e) is to make New York disclosure procedures available to foreign litigants” (3A Weinstein-Korn-Miller, NY Civ Prac If 3102.23). Petitioner is seeking the production and inspection of documents which, in New York, is governed by CPLR 3120. Against a nonparty, such discovery may be obtained by motion on notice to all adverse parties, and "the non-party shall be served with the notice of motion in the same manner as a summons” (CPLR 3120 [b]). Even if the disclosure sought was to obtain testimony and not documents and therefore not governed by CPLR 3120 (b), CPLR 3101 (a) (4) provides for full disclosure by "any other person, upon notice stating the circumstances or reasons such disclosure is sought or required.” "One reason for requiring such a notice is to enable [the] nonparty, or the adversary, to make a reasoned judgment as to the course he should follow; whether or not to seek a protective order or to appear in response to the subpoena” (Pavia v 810 Broadway Assocs., 130 Misc 2d 1054). The Michigan subpoena and the ex parte order *887 submitted for my signature contain no such notice. Thus, even if testimony alone was sought, the failure to comply with the notice requirement would make the subpoena fatally defective (Pavia v 810 Broadway Assocs., supra), and would not be cured by the petitioner’s observation that after service of a noncomplying subpoena "opposing party would have time to exercise its right to seek a protective order.” Here, where what is sought is the production of books and records by a nonparty (CPLR 3120 [b]), a foreign subpoena will not be accorded greater weight and enforceability than a subpoena issued by a New York attorney in New York litigation.
The application is denied.