■ In the Matter of AYLIFFE AND COMPANIES, Respondent. MONTROSE CHEMICAL CORPORATION OF CALIFORNIA, Plaintiff, v CANADIAN UNIVERSAL INSURANCE COMPANY, INC., et al., Defendants. MARSH & MCLENNAN et al., Nonparty Appellants.— Order of Supreme Court, New York County (Carol E. Huff, J.), entered January 4, 1990, which denied the motion of the nonparty appellants to quash subpoenas issued pursuant to CPLR 3102 (e) or, alternatively, for a protective order, and the order of the same court entered March 13, 1990, which modified the January 4, 1990 order to the extent of setting forth the time and place of depositions, are hereby unanimously affirmed, with costs and disbursements.

Ayliffe and Companies (Ayliffe), a defendant in consolidated

insurance actions pending before the Superior Court of California, Los Angeles County, obtained commissions to take the depositions of the nonparty appellants herein within the State of New York. Subpoenas were issued ex parte pursuant to CPLR 3102 (e) and served upon appellants along with the statutory witness fees. Appellants moved to quash the subpoenas or, alternatively, for a protective order, *inter alia,* requiring Ayliffe to pay attorneys' fees associated with the depositions of the nonparty witnesses.

The court's inquiry with respect to objections raised by persons required to testify pursuant to CPLR 3102 (e) is limited to determining (1) whether the witnesses' fundamental rights are preserved; (2) whether the scope of inquiry falls within the issues of the pending out-of-State action; and (3) whether the examination is fair. *(Matter of Brandes [Harris],* 78 AD2d 638, 639.) The courts "will not prejudge the materiality or the competency of the evidence in a cause pending in another jurisdiction and will afford the widest possible latitude in the conduct of such examinations." *(Matter of Roberts,* 214 App Div 271, 275.) In this case, the California Superior Court has determined that these appellants have information that is "relevant and necessary" for the trial of the pending California cases, and that it would be. in the interests of justice for these appellants to be deposed. Accordingly, appellants' arguments respecting the necessity for or duplicity of such testimony would be more appropriately addressed to the California court which made such determination. *(See, Matter of Jarvis v Jarvis,* 141 Misc 2d 404, 407.)

There is no question that the testimony sought falls within the ambit of the issues raised in the California actions, and appellants do not argue that their fundamental rights are in any way violated or that the procedures to be employed, and time and place of the depositions would be prejudicial or unfair. Moreover, the claims of hardship asserted by appellant Marsh & McLennan Companies are conclusory and unsupported by the record. Accordingly, we decline to substitute our discretion for that of the IAS court.

We have considered appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.