OPINION OF THE COURT
Harold Tompkins, J.
*891 Petitioners Raquel Welch and Raquel Welch Productions, Inc., seek an order of this court directing the testimony of witnesses in nonparty depositions to assist them in the prosecution of their action in the Superior Court of California, Los Angeles County, for a breach of contract against Mercury Concerts, Big League Theatricals, Inc., and International Creative Management, Inc. This underlying contract action that seeks $1,000,000 in damages arises out of the proposal for a South American tour by Ms. Welch in the starring role in the musical play “Victor, Victoria” in the fall of 1998.
This court held oral argument on the record on February 16, 2000. No opposition was presented on behalf of the proposed witnesses Paul Martino, John DeLuca or Tams-Witmark Musical Library, Inc., and the application is granted on default as to them.
The nonparty witnesses Elaine Warner, Sherman Warner and Nan Bases have opposed the demand that they submit to depositions. The basis of the opposition is the petitioners’ failure to seek relief permitting such discovery in the Superior Court of California, Los Angeles County, pending before Judge Brett Klein, prior to coming to this court. The purpose of seeking the depositions of Elaine Warner and Sherman Warner is to elucidate the relationship between the corporate defendants and with various affiliated corporate entities as well as their knowledge as to the underlying contract for the South American tour. The deposition of Nan Bases, Esq., is sought to obtain nonprivileged information which could include information regarding her conversation with petitioner Raquel Welch’s representative during the contractual negotiations.
Under CPLR 3102 (e), the court can order the testimony of a witness or compel the production of documents in aid of an action pending in another jurisdiction (see, Siegel, NY Prac § 352 [3d ed 1999]; Matter of Deloitte, Haskins & Sells, 146 Misc 2d 884 [Sup Ct, NY County 1990]). Its purpose is to make the discovery procedures of New York available to litigants in a pending action in another jurisdiction (see, 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3102.23; Matter of Ayliffe & Cos., 166 AD2d 223 [1st Dept 1990]; Matter of Kirkland & Ellis v Chadbourne & Parke, 176 Misc 2d 73 [Sup Ct, NY County 1998]). It is appropriate for the sister State court which has the underlying case, and is therefore in a better position to determine the appropriate scope of disclosure, to make the threshold determination as whether to permit the discovery. The New York court’s role is necessarily more limited (see, Matter of Kirkland *892 & Ellis v Chadbourne & Parke, supra). In the event that the sister State court declines to permit the disclosure, the New York court will not reach the issue or its determination will be bound by the principles of collateral estoppel. If the sister State court permits the discovery, the New York court can exercise limited authority as to “(1) whether the witnesses’ fundamental rights are preserved; (2) whether the scope of inquiry falls within the issues of the pending out-of-State action; and (3) whether the examination is fair * * * The courts ‘will not prejudge the materiality or the competency of the evidence in a cause pending in another jurisdiction and will afford the widest possible latitude in the conduct of such examinations.’ ” (Matter of Ayliffe & Cos., supra, at 224.)
In the underlying action in California, Judge Brett Klein by order dated February 18, 2000 denied the motion for a protective order against the depositions. This decision constitutes a sufficient mandate of the California court to satisfy CPLR 3102 (e)’s requirement for a court mandate to permit a special proceeding to be brought in New York in aid of the California action (cf., Matter of Deloitte, Haskins & Sells, supra). There should not be a distinction in this proceeding since the California court’s mandate came on February 18, 2000, after this application was brought pursuant to CPLR 3102 (e). The significant fact is that the court in the underlying action has determined that disclosure is appropriate to resolve that lawsuit. There is no dispute concerning the witnesses’ fundamental rights, the scope of inquiry is plainly within the issues before the California court and the examination is fair.
This court also retains its authority over the procedural mechanics of the discovery. It therefore directs that the depositions be held commencing on March 8, 2000 at 10:00 a.m. and continuing day-to-day until complete, in the order sought in the petition.