OPINION OF THE COURT
Joan A. Madden, J.
In this special proceeding, petitioner Sam Wyly moves to compel the production of respondents’ files in two consolidated federal class actions, including attorney work product, based upon his asserted attorney-client relationship with respondents. Respondents oppose the motion, which is granted to the extent set forth below.
Background
On April 7, 2000, Wyly acquired 971,865 options in Computer Associates (CA). Respondents served as co-counsel for the class certified in various class actions brought against CA in the Federal District Court for the Eastern District of New York. The first group of these actions was commenced in 1998, and was consolidated into a single action (hereinafter the 1998 class action) in which it was alleged that CA engaged in “revenue inflating” accounting activities, and made false and misleading statements about CA’s financial performance and condition. During the period between February 2000 and May 2002, 13 additional class action complaints were filed against CA in District Court and these too were consolidated into a single action (hereinafter the 2002 class action). The 2002 class action asserted claims against CA and various officers and directors alleging, inter alia, violations of the securities laws based on CA’s accounting practices for the period between May 18, 1999 and February 25, 2002, including the making of false and misleading statements as to CA’s financial performance and condition.
In 2003, both the 1998 class action and the 2002 class action were settled after a fairness hearing was held in District Court before the Honorable Thomas C. Platt on December 5, 2003. Wyly was part of the settlement class and received notice of the hearing.[1] By order dated December 16, 2003, a final judgment was entered dismissing the class action complaints, and approving the settlement and the award of attorneys’ fees.
*585 By letter dated October 18, 2004, counsel for Wyly wrote to Barry Weprin, Esq. of respondent Milberg Weiss Bershad & Schulman, LLP to request that a motion be filed pursuant to rule 60 (b) of the Federal Rules of Civil Procedure to relieve the settlement class from the final judgment approving the settlement. The request was based on (i) a guilty plea by Steven Woghin, CA’s former general counsel, who admitted that he had impeded the governmental investigation of CA’s accounting practices in 2002, and (ii) the revelation in a September 24, 2004 Wall Street Journal article that CA’s outside counsel had in its possession 23 boxes of previously undisclosed documents that purportedly indicated that CA engaged in securities fraud, and that its employees made false statements to lawyers and governmental investigators. The letter also noted that Mr. Weprin had represented that he knew nothing about the 23 boxes of documents until the publication of the Wall Street Journal article.
In a letter dated November 24, 2004, respondents wrote that they did not intend to move to reopen the judgment. Accordingly, Wyly decided to seek relief independently and on December 7, 2004, he filed a motion pursuant to rule 60 (b) of the Federal Rules of Civil Procedure to vacate the class action settlement as to him.[2] In connection with the motion, Wyly sought an affidavit from respondents attesting that at the time of the fairness hearing, they were unaware that Mr. Woghin withheld the 23 boxes of documents. Respondents refused to provide the affidavit.
By letter dated January 24, 2005, Wyly also requested access to respondents’ discovery materials and work product related to the CA class actions and stated that he was entitled to these documents based on his attorney-client relationship with respondents. He asserted that these documents were particularly relevant in light of the pending rule 60 (b) motion in which respondents’ access to the 23 boxes of documents during the class action litigation was raised as an issue.[3]
By letter dated January 28, 2005, respondents refused Wyly’s request, asserting that the pending rule 60 (b) motion, including discovery requests therein, should be decided before they *586 responded to the request for the files. By letter dated February 8, 2005, Wyly asserted that the request before the District Court “is not a discovery request” and that its determination would not provide “any grounds to deny the [discovery] request.”
When respondents refused to provide the files, Wyly brought this special proceeding alleging that as a former client to class counsel, he has a right to the files created and maintained in connection with his representation in the class actions.[4]
After Wyly served discovery requests in connection with this special proceeding, respondents provided certain documents to Wyly, but refused to produce others, asserting attorney-client and work product privileges. Wyly now moves to compel the production of the withheld documents, arguing that under settled law, an attorney’s former client is presumptively entitled to inspect and copy any documents which related to its representation and are in counsel’s possession, including attorney work product. (Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn, 91 NY2d 30 [1997].) In opposition, respondents argue that as Wyly seeks to use the documents in connection with the rule 60 (b) motion pending in the District Court, he should not be permitted to pursue discovery here, and that Wyly is precluded from seeking the documents under the doctrine of collateral estoppel. Respondents also argue that as an absent class member,[5] Wyly is not a client and thus is not entitled to have access to attorney work product. Alternatively, respondents contend that even if Wyly were considered a client, to grant him access to the files would violate a duty owed to third parties based on a protective agreement and order of confidentiality (hereinafter confidentiality order) entered in connection with the class action and that the documents are not subject to disclosure as they were intended for internal law office review and use. Respondents also argue that permitting Wyly access to their files would usurp the class representative’s *587 role in overseeing litigation, would prejudice the rights of other class members, and would “eviscerate the class action vehicle.”
In reply, Wyly asserts that, as a client, he has an independent right under New York law to seek his attorneys’ file and that collateral estoppel does not apply since the issue of his entitlement to respondents’ files has not been litigated in the District Court. Wyly also asserts that the District Court has already indicated that discovery is no longer subject to the confidentiality order. Wyly further contends that respondents have not demonstrated that any third parties would be prejudiced by disclosure of the documents, or that the documents are for internal law office use, and that respondents should be required to provide a privilege log supporting the withholding of documents.
Discussion
Although characterized by the parties as a motion to compel discovery, the application before this court is for the ultimate relief sought in this special proceeding, which is the turn over of respondents’ files relating to the class actions, including those containing attorney work product.
As a preliminary matter, neither the pendency of the rule 60 (b) motion in the District Court nor the doctrine of collateral estoppel bars Wyly from seeking the respondents’ files in this court. Respondents have submitted no evidence that Wyly sought respondents’ files in connection with the rule 60 (b) motion, or that Judge Platt has decided the issue. Furthermore, contrary to respondents’ argument, the transcript of the June 14, 2005 proceedings before Judge Platt does not indicate that Wyly’s access to respondents’ work product files was sought, considered or ruled upon by the District Court.[6] Accordingly, as the issues here were not necessarily decided or even litigated in the District Court, collateral estoppel does not apply to bar this proceeding. (See Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985].)
Moreover, the pendency of the rule 60 (b) motion in the District Court does not preclude Wyly from seeking the respondents’ files here based on his asserted common-law right *588 to such files under New York law.[7] Notably, while Wyly seeks to use the documents to support his rule 60 (b) motion, respondents are not parties to the District Court action and the relief sought in connection with the rule 60 (b) motion is not substantially the same as that sought in this proceeding. Thus, there are no grounds for staying or dismissing this proceeding based on the pendency of the rule 60 (b) motion and, indeed, respondents do not seek such relief. (Compare Asher v Abbott Labs., 307 AD2d 211 [1st Dept 2003] [stay of state court antitrust action was warranted pending outcome of federal antitrust class action involving same defendant where the claims in the two actions were substantially identical].)
Instead, respondents argue that based on Matter of Welch (183 Misc 2d 890 [Sup Ct, NY County 2000]) the scope of discovery must be determined by the District Court. However, respondents’ reliance on Matter of Welch is misplaced as that case involved the application of CPLR 3102 (e) under which a court can order testimony or the production of documents in aid of an action pending in another jurisdiction. In contrast, here, while the documents sought are relevant to the rule 60 (b) motion pending in District Court, Wyly asserts an independent right under New York common law to obtain these documents based on his asserted attorney-client relationship with respondents. (See Sage Realty Corp., 91 NY2d 30 [1997].)
The next issue, then, is whether Wyly, as a class member, is entitled to the contents of respondents’ files relating to the representation of the class, including attorney work product based on common-law right as set forth in Sage Realty.
Sage Realty involved a dispute regarding the extent to which the former clients of a law firm were entitled to the contents of a law firm’s file relating to their representation. In Sage Realty the law firm represented the clients in a mortgage financing and commercial real estate ownership restructuring. After the transactions were completed, the clients had a falling out with the law firm and retained new counsel in connection with matters related to the transaction. When their new lawyers sought the file in the matter, the law firm refused to turn over a large number of items, primarily on the grounds that the clients were only entitled to the finished product of their representation, and, thus, excluded various items, including those identified as *589 internal legal memoranda, drafts of instruments and notes. The trial court and the Appellate Division, First Department, decided the matter in favor of the law firm, and the clients appealed to the Court of Appeals.
The Court of Appeals rejected the minority view followed by the courts below which “distinguish[es] between documents representing the ‘end product’ of an attorney’s services, which belong to the client, and the attorney ‘work product’ leading to the creation of those end product documents, which remains the property of the attorney.” (91 NY2d at 35 [citations omitted].) Instead, the Court of Appeals adopted the majority position on the issue which “upon termination of the attorney-client relationship, where no claim for unpaid legal fees is outstanding, presumptively accord[s] the client full access to the entire attorney’s file on a represented matter with narrow exceptions.” (Id. at 34 [citations omitted].) Thus, the Court of Appeals held that in the absence of a showing by the law firm “of good cause to refuse client access, [the clients] should be entitled to inspect and copy work product materials, for the creation of which they paid during the course of the firm’s representation.” (Id. at 37.)
With respect to the narrow exceptions to the general rule that a client should be afforded full access to its file, the Court wrote that the law firm “should not be required to disclose documents which might violate a duty of nondisclosure owed to a third party, or otherwise imposed by law.” (91 NY2d at 37.) Furthermore, it wrote that “nonaccess would be permissible as to firm documents intended for internal law office review and use.” (Id.)
In construing the internal law office exception, the Court wrote:
“ ‘The need for lawyers to be able to set down their thoughts privately in order to assure effective and appropriate representation warrants keeping such documents secret from the client involved’ (id.). This might include, for example, documents containing a firm attorney’s general or other assessment of the client, or tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation. Such documents presumably are unlikely to be of any significant usefulness to the client or to a successor at *590 torney.” (Id. at 37-38, quoting Restatement [Third] of Law Governing Lawyers [Proposed Final Draft No. 1, 1996] § 58, Comment c.)
Upon remittal, the court directed that the disputes concerning access to internal law firm files should be resolved by the trial court “through a hearing which might necessitate in camera review.” (Id. at 38.)
While Sage Realty establishes a client’s broad right of access to its attorney files, including work product, its application here depends on the nature of the relationship between Wyly, as a class member, and respondents as counsel for the class. The relationship between class members, who are part of a certified class, and that of the class attorney is not identical to a traditional attorney-client relationship. (5 Conte and Newberg, Newberg on Class Actions § 15.3 [4th ed 2002]; see also, In re Winchel’s Donut Houses, L.E Sec. Litig., 1988 WL 135503, *2, 1998 Del Ch LEXIS 159, *4 [1988] [noting that although counsel owes a complete duty to class members certain aspects from “a ‘client’s’ point of view — make that representation quite different” since a class member cannot discharge his lawyer and maintains the right to settle the case himself].)
That being said, however, it has been held that “certification . . . makes the Class the attorney’s client for all practical purposes.” (Van Gemert v Boeing Co., 590 F2d 433, 440 n 15 [2d Cir 1978] [treating class members as attorney’s client for the purposes of assessing fees]; see also, Daniels v City of New York, 199 FRD 513, 515 [SD NY 2001] [attorney’s communications with class members are privileged]; Tedesco v Mishkin, 629 F Supp 1474, 1483 [SD NY 1986] [once class is certified a limited attorney-client relationship existed between plaintiffs’ attorney and the absent class members such that communications with class members violated attorney disciplinary rule prohibiting communications with “parties represented by counsel”].)
Based on the above precedent, the court finds that under the circumstances here Wyly’s relationship with respondents is sufficiently similar to a traditional attorney-client relationship so as to create a presumption in favor of affording him access to respondents’ files in accordance with Sage Realty. In particular, not only was the class certified, but Wyly was a member of the settlement class and is bound by the judgment obtained as a result of the settlement unless he obtains relief via his rule 60 *591 (b) motion.[8] As Wyly points out, respondents’ files are not only potentially relevant to that motion but also could provide a basis for a legal malpractice action against respondents.
Furthermore, Lobatz v U.S. W. Cellular of Cal., Inc. (222 F3d 1142 [9th Cir 2000]), on which respondents rely, is not controlling here. In Lobatz the District Court approved the settlement of a class action and granted class counsel’s fee and cost request over the objection of a class member, Pamela Havird, and declined Havird’s request for discovery of the settlement negotiations and class counsel’s time records. On appeal, the Ninth Circuit found that the District Court did not abuse its discretion in denying the discovery writing that “[settlement negotiations involve sensitive matters” and discovery of such negotiations was properly denied since Havird made no “foundational showing of collusion.” (Id. at 1148.) With respect to the time records, the Ninth Circuit wrote that the District Court should not be required to supply such records in all cases challenging fees, and that “Havird appears to have been a spoiler, but more importantly she failed to show any legitimate need for the records she sought.” (Id.)
Unlike in Lobatz, in this case both a legitimate need and a legal basis have been demonstrated for obtaining the documents at issue. Moreover, Lobatz did not address the issue of whether a class member is a client for the purpose of obtaining counsel’s files, but focused solely on whether the class member had demonstrated entitlement to the documents at issue under the particular circumstances of that case.
Respondents also argue that even if the court finds that there is a presumption in favor of Wyly’s access to respondents’ files, the documents contained therein are not discoverable since they fall within the exceptions provided under Sage Realty. Specifically, respondents argue that granting Wyly access to the documents would violate a duty to third parties protected under the confidentiality order, and that other documents sought are not subject to disclosure as they are intended for internal law office review, including those which would allegedly reveal respondents’ impressions and strategies regarding a stay motion.
*592 In assessing respondents’ position, the court notes that, in Sage Realty the Court of Appeals placed the burden on counsel resisting disclosure to make “a substantial showing” of “good cause to refuse client access.” (91 NY2d at 37.) Here, while respondents argue that documents in their files fall under the exceptions provided in Sage Realty, they fail to specifically describe such documents and have not provided a privilege log to support their position. (See Getman v Petro, 266 AD2d 688 [3d Dept 1999] [in legal malpractice action, attorneys resisting in discovery produced a privilege log which enabled the court to determine whether documents were properly withheld in accordance with Sage Realty].)
Furthermore, respondents have not shown that based on the confidentiality order, the rights of third parties would be violated by granting Wyly access to respondents’ files. As Wyly points out, Judge Platt indicated during the June 14, 2005 hearing regarding his discovery requests, which sought, inter alia, documents produced by CA during the class action litigation, that the confidentiality order was no longer necessary.[9] Moreover, respondents appear to recognize this fact since they already produced to Wyly “documents produced by defendants and third parties in the federal class action.” (Respondents’ opposition brief at 6.)
Finally, respondents’ unsupported speculation that granting Wyly access to respondents’ file will prejudice other class members, jeopardize the rights of the class representative, and interfere with class actions generally does not provide a basis for denying Wyly documents which he is entitled to under New York law.
Conclusion
In view of the above, it is ordered and adjudged that the petition is granted to the extent that within 45 days of this order, respondents are directed to turn over their files in the consolidated class actions to Wyly, including the withheld documents *593 containing work product, except for those documents for which they provide a privilege log in compliance with CPLR 3122 (b).
If the parties require further court intervention, including rulings based on any documents withheld based on a privilege log, they shall contact the court to schedule a conference.

. The notice stated that “if you purchased or transacted in common stock of CA, or common stock options, during the period of January 20,1998 through February 25, 2002 . . . and sustained damages as a result of such transaction, then you are a Settlement Class Member.”

. The motion for relief from the settlement was filed by Wyly, Cheryl Wyly and various trusts, partnerships, and entities which for the purposes of this motion, will be referred to as Wyly.

. For example, in opposition to the rule 60 (b) motion, CA maintained that class counsel was “asleep at the wheel” while settling the class actions.

. Respondents removed this proceeding to the Federal District Court for the Southern District of New York and sought to transfer it to the District Court. By decision and order dated July 7, 2005, Justice George Daniels denied the removal application and remanded the proceeding to this court.

. Respondents refer to Wyly as an “absent class member.” Am absent class member has been defined as “a person who by class definition is a class member but is not actually named in the complaint, and does not generally actively participate in the litigation.” (See Eble, Class Action Definitions, <http://consumer-law.lawyers.com/Class-Action-Definitions.html>.) While Wyly falls within the definition of an absent class member, for the purposes of this proceeding, the court will refer to Wyly as a class member.

. The transcript indicates that the only documents sought from respondents (and CA) were “documents actually produced during the course of litigation and deposition transcripts” (transcript of June 14, 2005 proceeding at 27), and that Judge Platt ordered that these documents be provided to Wyly.

. The federal courts have also found that a client should be granted access to his attorney’s file, including work product. (See e.g., Polin v Wisehart & Koch, 2002 WL 1033807, 2002 US Dist LEXIS 9123 [SD NY 2002].)

. In Aull v Cavalcade Pension Plan (185 FRD 618, 624 [D Colo 1998]), the District Court of the District of Colorado found that absent members of a proposed class for which certification was denied were not entitled to attorney-client and work product generated by class counsel. However, Aull is easily distinguished from the instant case since Wyly is a member of a certified class who participated in the settlement of the class action.

. Specifically, at the hearing, Mr. Jim Renard, who represents Wyly in connection with the rule 60 (b) motion, informed Judge Platt regarding the refusal of CA and the class action attorneys (i.e., respondents) to provide him with documents actually produced during the class action litigation, “among the reasons given to us for those materials not being provided are the protective order (i.e., The Confidentiality Order), and of course we will be willing to abide by it and we have rights derivative anyway by benefit of being a member of the class.” In granting Wyly access to these documents, Judge Platt stated that “I don’t think there is any basis for protecting those [the documents] any longer.” (Transcript of June 14, 2005 proceedings at 29-30.)