*1029 OPINION OF THE COURT
Eileen Bransten, J.
Pursuant to CPLR 3102 (e), petitioners Michael Kerr, Benjamin Kerr, individually and as trustee of the Meyer Berfond Trust Nos. 1-8, Evelyn Kerr, individually and as trustee of the Meyer Berfond Trust Nos. 1-8, Carol Harrison, Marvin Friedberg, individually and as trustee of Virginia Commonwealth Trading Company ESOR David Scheft, individually and as trustee of Phil Scheft, and Virginia Commonwealth Trading Company (collectively petitioners) seek to compel the Custodian of Records for De Feis, O’Connell & Rose (De Feis) to produce documents identified in a subpoena duces tecum dated February 8, 2007, which was served on February 16, 2007. De Feis opposes the petition.
Background
Petitioners — individuals and members of trusts — provided over $18 million to Howard Schneider who, through a limited partnership known as Gateway Capital Partners, L.P., was entrusted to invest the funds on their behalf. (Affirmation of Alan B. Howard [supp] ¶ 3.) Mr. Schneider allegedly converted petitioners’ funds, keeping “close to $15 million” of the money for himself and his family. (Id.)
Mr. Schneider was indicted for wire fraud in the Southern District of New York.
Petitioners commenced two civil proceedings to recover their money. First, they are claimants in a California arbitration brought against Mr. Schneider, his wife and his son. (Id. ¶ 5.) Second, petitioners sued CBIZ Southern California, LLC, the accounting firm that prepared Gateway’s tax returns, in a California court (California action). (Id.)
In the course of litigating the California action, petitioners requested a commission to obtain records from De Feis, the law firm representing Mr. Schneider in the New York criminal proceedings. (Supp ¶ 6, exhibit I.) Petitioners’ counsel argued to the California judge that if De Feis wanted to withhold documents it could “fight it in the New York court that issued the subpoena.” (Supp, exhibit I, at 2.) Petitioners’ attorney insisted that the “whole fight” should be in New York. (Id. at 3.) Counsel for Mr. Schneider raised objections to the subpoena, emphasizing, among other things, that “this is a California case. They are seeking records in this California case. The fact that the witness happens to be in New York does not turn this into a New York case.” (Id. at 5.)
*1030 In response to the parties’ arguments, the California judge responded:
“Well, I guess I see it much more simplistically, and I’m not ready to anticipate what’s going to happen in New York. I’m going to issue the — the—I’m going to sign the request and see what happens.
“I don’t want to move forward to the next step or the one after that before I have to.” (Id.)
The California judge rejected further argument from Mr. Schneider’s counsel and decided to “sign off on the order.” (Id. at 6.)
Based on the commission, on February 13, 2007, Justice William Davis of Supreme Court, New York County, ordered De Feis’ Custodian of Records to appear at petitioners’ counsel’s offices with the following documents requested in a subpoena duces tecum:
“1. Any and all documents or other evidence obtained by [De Feis] . . . from the US Attorney’s Office of the Department of Justice relating to the criminal action entitled United States of America v Howard Schneider, United States District Court, Southern District of New York, Case No. 06-Cr-8945 (LAK); hereinafter the ‘Schneider Criminal Action’.
“2. Any and all documents or other evidence obtained by De Feis from CBIZ Southern California, LLC, relating to the Schneider Criminal Action.” (Supp, exhibit B.)
The subpoena states that “pursuant to California Code of Civil Procedure . . . , the deponent is to provide the documents” requested. (Id.)
De Feis refused to comply with the subpoena. By letter dated March 5, 2007, De Feis invoked the identical objections raised by its client Mr. Schneider in response to issuance of the commission in the California action. Specifically, De Feis asserted that “there were privacy interests arising out of tax and financial records that were implicated in the requests and . . . [that] groups of . . . requests were overbroad and vague.” (Supp, exhibit E.)
On March 19, 2007, counsel for petitioners and Mr. Schneider’s attorney appeared before the California judge. The judge again determined not to address Mr. Schneider’s objections to the commission and subpoena or to analyze the propriety of petitioners’ demands. (Affidavit of Scott S. Greenspun [opp], exhibit L, at 8.) The California judge explained:
*1031 “I have no idea how the New York Court’s going to come out on this issue. I have some vague ideas what California — the application in California law might be to the subpoena, but I’m not going there on New York Law because it is a valid New York subpoena, and I don’t think I have the authority to interrupt their procedures.” (Opp, exhibit L, at 9.)
The court further directed that a “notice” be made
“that any ruling of the New York court on the motion is stayed for 20 days after the issuance of that— that ruling, and either party can come in on an ex parte basis to apply on shortened time for a hearing on a motion depending upon how it comes out.” (Opp, exhibit L, at 9-10.)
Petitioners now argue that this court should compel compliance with the subpoena because the “Commission was granted with the understanding that the Subpoena would issue, this Court would enforce its Order issuing the Subpoena, and De Feis would have to comply with the Subpoena notwithstanding [Mr. Schneider’s] objections.” (Supp ¶ 10; see also, opp ¶ 4.) They contend that CPLR 3102 (e) explicitly authorizes this court to address the disclosure issues in the California action. They further assert that the documents requested are for use in their civil action against CBIZ and that they would be “directly relevant” to their arbitration proceeding against Mr. Schneider and his family. (Supp ¶ 7.) They maintain that materials related to Mr. Schneider’s criminal prosecution are undoubtedly relevant to the civil proceedings because the same allegedly fraudulent conduct underlies all of the matters. (Supp ¶ 11.) Petitioners also argue that the materials are discoverable under California law. (Id. ¶ 12.)
In opposition, De Feis points out that this court’s determination will be entirely advisory based on the California court’s determination that it could revisit the issue. (Opp ¶ 7.) De Feis points out that in the pending arbitration proceeding and the California action similar (but not identical) requests for discovery have already been rejected. De Feis urges, moreover, that California consumer protection statutes preclude enforcement of the subpoena.
Analysis
This proceeding exemplifies procedural game playing at its worst. Petitioners asked a California court for a commission to *1032 obtain disclosure in New York, urging that the propriety of the discovery would be addressed by a New York tribunal (less familiar with the California action and any applicable California law). Now, in New York court, petitioners urge that all of the disclosure sought should be compelled because the California-issued commission must be honored notwithstanding any objections. The California court, moreover, made clear that “any ruling” by this court would be stayed for 20 days pending a motion by an aggrieved party in California. (Opp, exhibit L, at 9-10.)
The California court does not serve as this court’s appellate tribunal. In prospectively ordering a stay of this court’s determination, the California court effectively reserved the ultimate decision of whether discovery is proper to itself (but not without requiring a New York court to involve itself in the litigation). It makes abundant sense, therefore, that the California court— familiar with and responsible for the underlying action — make the decision at the very outset.
CPLR 3102 (e) provides that when there is a mandate or commission issued by a court in another state that requires testimony by a New York witness, the witness “may be compelled to appear and testify in the same manner and by the same process as may be employed for the purpose of taking testimony in actions pending in the state.” Consistent with that provision, this court ordinarily would have no hesitation in enforcing a California court’s decree. Here, however, the California court did not sufficiently mandate the disclosure. Although it authorized the commission (over objection), the court explicitly relinquished the question of the propriety of disclosure to a New York court significantly less familiar with the California action. Amazingly, the California court next concluded that any determination by a New York court would ultimately be subject to its oversight upon a proper motion.
In the end — and it appears that even the California court agrees — “It is appropriate for the . . . court which has the underlying case, and is therefore in a better position to determine the appropriate scope of disclosure, to make the threshold determination as [to] whether to permit the discovery.” (Matter of Welch, 183 Misc 2d 890, 891, 892 [Sup Ct, NY County 2000] [California court’s denial of a protective order was a “sufficient mandate of the California court to satisfy CPLR 3102 (e)’s requirement for a court mandate to permit a special proceeding to be brought in New York in aid of the California action”]; see also, Matter of Ayliffe & Cos., 166 AD2d 223, *1033 224 [1st Dept 1990], lv denied 76 NY2d 714 [1990] [disclosure mandated after “California Superior Court (had) determined that (appellants had) information that (was) ‘relevant and necessary’ for the trial of the pending California cases, and that it would be in the interests of justice for these appellants to be deposed”].) It makes absolutely no sense for this court to order disclosure subject to the California court’s later determination. Instead, the California court presiding over the case must decide the matter at the outset, issue a mandate or appropriate commission after the parties have been heard, and then a New York court will entertain effectuating the California court mandate without any further California supervision.
Accordingly, it is ordered and adjudged that the petition is denied and the proceeding is dismissed without prejudice to commencement of an appropriate proceeding to obtain disclosure once the California court has addressed the matter.