Suresh v Krishnamani (2023 NY Slip Op 00247)

Suresh v Krishnamani

2023 NY Slip Op 00247

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 153921/21 157122/21 Appeal No. 17140-17141 Case No. 2022-00789 2022-00790 

[*1]Santhosh Suresh, Plaintiff-Appellant,
v
Pavitra Krishnamani, Defendant-Respondent.
Pavitra Krishnamani, Plaintiff-Respondent,
v
Santhosh Suresh, Defendant-Appellant.

Leopold Law, L.L.C., New York (Howard B. Leopold of counsel), for appellant.
Kluger Healey, LLC, New York (David A. Ward of counsel), for respondent.

Amended Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about February 3, 2022, which denied appellant's petition to quash an out-of-state subpoena pursuant to CPLR 3119(e) and granted respondent's motion to compel compliance with the subpoena, unanimously affirmed, without costs.
The court providently exercised its discretion in denying appellant's petition to quash the subpoena and granting respondent's motion to compel compliance. The information sought had already been judicially determined to be relevant to the matrimonial proceedings pending in Pennsylvania, and such determination is entitled to full faith and credit without further inquiry (see Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 198 [2d Dept 2013]; Matter of Ayliffe & Cos, 166 AD2d 223, 224 [1st Dept 1990], lv denied 76 NY2d 714 [1990]). Moreover, contrary to appellant's contention, limited discovery of his mental health records is not in clear violation of New York law (see Mental Hygiene Law § 33.13[c][1]), where the relevance of the information sought has been established (see Matter of Kapon v Koch, 23 NY3d 32, 38-39 [2014]). In any event, since the issue of whether appellant's right to privacy and doctor-patient privilege precludes limited discovery of his mental health records has been litigated in the Pennsylvania courts, he is collaterally estopped from relitigating the issue in New York (see Schultz v Boy Scouts of Am., 65 NY2d 189, 204 [1985]; In re Coatesville Area School District, 244 A3d 373, 379 [Pa 2021]).
We have considered appellant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023