Michael A. LOBATZ, MD, individually; William Foster; Deborah Foster, individually, and on behalf of all others similarly situated, Plaintiffs,

and

Pamela Havird, Objector–Appellant,

v.

U.S. WEST CELLULAR OF CALIFORNIA, INC., a California corporation; Airtouch Cellular, Airtouch Cellular Company, a California Corporation, Defendants–Appellees.

No. 99–55385.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2000

Filed Aug. 25, 2000

J. Dennis Faucher, Philadelphia, PA, for plaintiffs–appellees.

J. David Franklin, San Diego, CA, for objector–appellant.

Richard M. Segal, San Diego, CA, for defendant-appellee AirTouch Cellular.

Before: DAVID R. THOMPSON, FLETCHER, and FISHER, Circuit Judges.

## OVERVIEW

### DAVID R. THOMPSON, Circuit Judge:

The district court approved a class action settlement in a suit brought by the class plaintiffs against U.S. West Cellular of California, Inc. and AirTouch Cellular. In two separate fee awards, the court awarded class counsel attorney fees of $923,390.97 and $1,000,000, in addition to costs. Pamela Havird, a member of the class, appeals the district court's approval of the settlement and the final award of fees and costs.

Because Havird's notice of appeal from the judgment approving the settlement was untimely, and the "unique circumstances" doctrine does not apply to save the appeal, *see Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), we lack jurisdiction to consider Havird's appeal from the judgment approving the settlement. However, Havird's notice of appeal from the final $1,000,000 attorney fee and cost award was timely, and she has standing to prosecute that appeal even though the attorney fees and costs were payable by the defendants independent of the class settlement. We hold the district court did not err in denying Havird's requested discovery, nor in the method it employed to review class counsel's request for attorney fees and costs, and we affirm that award by the district court.

## FACTS AND PROCEEDINGS

In 1994, Michael A. Lobatz filed a class action against AirTouch Cellular ("AirTouch") and U.S. West Cellular of California, Inc. ("U.S.West") (collectively referred to as "the defendants") alleging that they violated state and federal law by conspiring to fix prices for cellular phone service in the San Diego, California market. The class (sometimes hereafter referred to as "the plaintiffs") was certified, and Kolodny & Pressman A.P.C., Miller Faucher Cafferty and Wexler LLP, and Hagens & Berman, S.P. (collectively "class counsel") were appointed class counsel.

In 1997, the district court approved a settlement between the plaintiffs and U.S. West ("U.S. West settlement"). U.S. West agreed to pay the plaintiffs $4 million in cash but had the option to convert the cash settlement to an in-kind settlement if the plaintiffs reached an in-kind settlement with AirTouch. At that time, the district court awarded class counsel costs and $923,390.97 in attorney fees.[1] In 1998, the plaintiffs reached an in-kind settlement with AirTouch ("AirTouch settlement") worth approximately $4.3 million. The parties moved for approval of the settlement, class counsel filed their request for attorney fees and costs, and U.S. West moved to convert its cash settlement to an in-kind settlement. Class member Pamela Havird objected to the settlement and to class counsel's fee and cost request. She sought discovery of the settlement negotiations and class counsel's contemporaneous time records, requests the district court denied.

On October 22, 1998, the district court approved the AirTouch settlement and the conversion of the U.S. West settlement to an in-kind settlement similar to the AirTouch settlement. On October 30, 1998, the district court issued its final order approving the settlement. The court stated that while it maintained jurisdiction

---

**1.** With some adjustment, the attorney fee award of $923,390.97 was based on 25 per- cent of the $4 million class settlement.

over the issue of attorney fees and costs, its order approving the settlement was a final judgment.

On January 6, 1999, the district court granted class counsel's request for attorney fees and costs and denied Havird's request for attorney fees and costs. The court found that class counsel was entitled to attorney fees of $1,777,449.50 for the entire litigation. Because the district court had previously awarded class counsel $923,390.97 in attorney fees at the time it approved the U.S. West settlement, it awarded class counsel the balance of $854,058.60. On May 4, 1999, the district court reconsidered the attorney fee award, and applied a multiplier of 1.082 to get a cumulative lodestar amount of $1,923,-395.80. After subtracting the previous award, the remaining balance was $1,000,-004.90. AirTouch had agreed that it would not contest a request of $1,000,000 in fees and $296,938.54 in costs, and that it would pay class counsel those fees and costs separately from the class settlement. Pursuant to this agreement, class counsel requested these amounts and they were approved by the court.[2]

On February 4, 1999, Havird filed her notice of appeal. After the district court issued its May 4, 1999 order applying the multiplier to the attorney fee award, she amended her notice of appeal. In her briefs on appeal, Havird argues the district court (1) should not have approved the settlement because it was not fair, reasonable, and adequate; (2) erred by refusing to allow discovery; (3) should not have awarded class counsel any attorney fees because they intentionally and substantially overstated the hours they spent prosecuting the case; and (4) awarded class counsel excessive attorney fees and costs.

## DISCUSSION

### I. Jurisdiction

Rule 4(a) of the Federal Rules of Appellate Procedure requires that an ap-

pellant file her notice of appeal "within 30 days after the judgment or order appealed from is entered." The Supreme Court has adopted a "bright-line rule … that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *see also Malone v. Avenenti,* 850 F.2d 569, 572 (9th Cir.1988) ("Where an appellant fails to file a notice of appeal within the initial 30–day period set forth in rule 4(a)(1), and likewise fails effectively to move for an extension of time within the 30–day grace period set forth in rule 4(a)(5), this court must dismiss the appeal for lack of appellate jurisdiction.").

Here, the district court entered its final judgment approving the class settlement on October 30, 1998. Havird did not file her notice of appeal until February 4, 1999—more than three months later. Therefore, pursuant to *Budinich,* Havird's appeal of the district court's approval of the settlement is untimely.

To save her untimely appeal, Havird urges us to apply the "unique circumstances" doctrine. We decline to do so. The Supreme Court has held that the "unique circumstances" doctrine applies "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *see also Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). In *Thompson,* the petitioners filed a post-trial motion two days late, which the district court mistakenly said was timely.

---

**2.** The $296,938.54 class counsel requested in additional costs at the time of the AirTouch settlement equaled the amount of costs the court had awarded at the time of the U.S. West settlement. The requested costs were less than class counsel's actual costs.

As a result, the petitioners did not file their notice of appeal until after the district court ruled on the untimely post-trial motion. Consequently, the notice of appeal was filed after the deadline when it should have been filed. The Court reasoned that because the post-trial motion, if timely filed, would have postponed the deadline for filing the notice of appeal and the district court had stated that the post-trial motion was timely, the unique circumstances doctrine applied. *See Thompson,* 375 U.S. at 387, 84 S.Ct. 397. Therefore, the Court held that "petitioner's appeal may be heard on the merits." *Id.*

By contrast, in *Osterneck,* after the district court entered its final judgment, the petitioners filed a timely motion for prejudgment interest and then filed a notice of appeal. The district court granted the petitioners' request for prejudgment interest, and amended its previous judgment, but the petitioners did not file a new notice of appeal. The district court's amended judgment rendered petitioners' earlier notice of appeal ineffective. The Court held that the unique circumstances doctrine did not apply because the district court had not assured the petitioners that their earlier notice of appeal was sufficient. *See Osterneck,* 489 U.S. at 178–79, 109 S.Ct. 987.

Here, Havird did not file a motion that would have delayed the time to file a notice of appeal. Even if the district court stated it would notify her counsel if it entered final judgment, the district court did not tell Havird her appeal would be timely or represent to her that the time to file a notice of appeal would be extended. *Cf. In re Mouradick,* 13 F.3d 326, 329 (9th Cir.1994) ("Under the doctrine of unique circumstances, an appellate court may consider an untimely appeal where 'a court has affirmatively assured a party that its appeal will be timely.'" (citations omitted)); *see also* Fed.R.Civ.P. 77(d) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.").

The unique circumstances doctrine does not apply in this case. We do not have jurisdiction to entertain Havird's appeal of the district court's approval of the class settlement. However, Havird's appeal of the district court's January 1999 final attorney fee and cost award was timely. If Havird has standing to challenge that award, we have jurisdiction to consider that appeal.

## II. Standing

 To have standing, an appellant must establish that she has suffered an injury, caused by the appellee, that is redressable. *See Bennett v. Spear,* 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); *United States v. City & County of San Francisco,* 979 F.2d 169, 170–71 (9th Cir.1992). We have not heretofore decided whether a class member has standing to appeal class counsel's attorney fee and cost award when that award is payable by the defendant independently, and not out of the class settlement.[3]

Other circuits have held that a class plaintiff does have standing to appeal an attorney fee award in such a situation. *See In re General Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768 (3rd Cir.1995); *Rosenbaum v. MacAllister,* 64 F.3d 1439, 1442 (10th Cir. 1995). In *General Motors Pick–Up,* the Third Circuit reasoned that a defendant is concerned only with how much it must pay, not who gets the money, and thus a defendant may be willing to pay more in attorney fees if it can pay less overall. *See id.* at 819–20. Even if class counsel's at-

---

**3.** Class counsel relies on *In re First Capital Holdings Corp. Fin. Products Sec. Litig.,* 33 F.3d 29 (9th Cir.1994), to argue that Havird lacks standing to challenge the district court's award of attorney fees and costs. That reli-ance is misplaced. In *First Capital Holdings,* we expressly stated that we were not deciding whether a "class member could attack the fee award even though it was separately negotiated and funded." *Id.* at 30 n. 1.

torney fees are not to be paid from the class settlement, according to the Third Circuit, the aggregate amount of the attorney fees and the class settlement payments may be viewed as "a constructive common fund." *Id.*

In *Zucker v. Occidental Petroleum Corp.,* 192 F.3d 1323 (9th Cir.1999) *cert. denied,* —— U.S. ——, 120 S.Ct. 1671, 146 L.Ed.2d 481 (2000), we were similarly concerned that class counsel might obtain an excessive attorney fee award as part of a deal to accept an inadequate settlement for the class. While our discussion of this problem in *Zucker* was dicta, it addressed the question whether a class member, in a circumstance where class counsel's fees were payable independent of the settlement, would have standing to appeal a district court's attorney fee award. We said that even though "it is hard to see how cutting plaintiffs' attorneys' fees can do [the class member] any good [because] [h]e gets the same [settlement] whether the fee is cut or not ...," a plaintiff might have a remedy against his attorney if the attorney obtained a payment from the defendant in exchange for failing to adequately represent the plaintiff. In making this observation, we relied on the agency principle that an agent who takes "money from the third party in the matter of the agency without his principal's consent, [ ] is sometimes deemed to hold the money in a constructive trust for his principal. Under this rule, [the class member] could have a remediable injury, if he were entitled to a proportionate share of the class lawyers' [attorney fee award]." *Id.* at 1327.

In *Zucker,* we also looked to the Rules of Professional Conduct, which provide that a "lawyer shall not accept compensation for representing a client from one other than the client unless: ... the client consents ...; [and] there is no interference with the lawyer's independence of judgment." *Id.* (internal quotation marks omitted) (quoting Model Rules of Professional Conduct Rule 1.8(f) (1983)). We noted that the comment to the Model Rules provides that "[w]here the client is a class, consent may be obtained on behalf of the class by court-supervised procedure." *Id.* (internal quotation marks omitted) (quoting Model Rules of Professional Conduct Rule 1.8(f) cmt. (4)).

Relying on the reasoning of *Zucker,* Havird argues she and the other class plaintiffs were injured because class counsel allegedly agreed to take excessive attorney fees and costs from the defendants in exchange for entering into an unfair class settlement. If, as Havird suggests, class counsel agreed to accept excessive fees and costs to the detriment of class plaintiffs, then class counsel breached their fiduciary duty to the class. If that were the case, any excessive award could be considered property of the class plaintiffs, and any injury they suffered could be at least partially redressed by allocating to them a portion of that award. *See Zucker* 192 F.3d at 1327. We conclude, therefore, that Havird, as a member of the class, has standing to appeal the attorney fee and cost award, even though that award was payable independent of the class settlement.

## III. Discovery Requests

■ In her challenge to the fee and cost award, Havird argues the district court erred in denying her discovery requests. We review for abuse of discretion the district court's denial of discovery. *See Sablan v. Department of Fin.,* 856 F.2d 1317, 1321 (9th Cir.1988) (decided on other grounds).

### A. Discovery of Settlement Negotiations

■ Havird sought discovery of the settlement negotiations for two reasons: to challenge the fairness of the settlement and to challenge class counsel's request for attorney fees and costs. With regard to her challenge to the fairness of the settlement, we lack jurisdiction to consider approval of the settlement. Her discovery request for that purpose, therefore, is moot. Her discovery request as it pertains to the final award of attorney fees

and costs, however, is not moot. As to that request, Havird argues the settlement negotiations would shed light upon whether class counsel's application for attorney fees and costs was excessive and should have been denied.

■ We conclude the district court did not abuse its discretion in denying this requested discovery. Settlement negotiations involve sensitive matters. *See Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir.1987). We agree with the Seventh Circuit that "discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Id.* Havird made no foundational showing of collusion. Her requested discovery of the settlement negotiations, therefore, was properly denied.

### B. Discovery of Class Counsel's Contemporaneous Time Records

■ Havird contends discovery of class counsel's contemporaneous time records would reveal whether the settlement and class counsel's fee and cost award are fair. As discussed above, we do not have jurisdiction to consider Havird's challenge to the district court's approval of the settlement. Thus, we will consider only whether the district court abused its discretion by denying Havird's request for discovery of class counsel's contemporaneous time records as that request relates to the final January 1999 fee and cost award.

We decline to adopt a rule that a district court must grant a request for discovery of contemporaneous time records in every case in which attorney fees are sought. Such a rule would impose on district courts, as well as litigants, a rigid process

in which nondiscretionary enforcement could prove to be of little benefit. Moreover, in the present case, Havird appears to have been a spoiler, but more importantly she failed to show any legitimate need for the records she sought. The district court did not err in denying Havird's request for discovery of class counsel's contemporaneous time records.

### IV. Class Counsel's Fee and Cost Award

■ We review for abuse of discretion the district court's fee and cost award to class counsel, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.1998), and for clear error its factual determinations, *see Koirala v. Thai Airways Int'l, Ltd.*, 126 F.3d 1205, 1213 (9th Cir.1997).[4]

We have not previously considered how a district court should review a request for an award of attorney fees and costs for class counsel when the defendant has agreed that those fees and costs will be paid separately from the class settlement, and the defendant has agreed not to object to class counsel's fee and cost request so long as the request does not exceed a negotiated amount. Such an agreement has the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class.

■ In making the January 1999 award of attorney fees and costs, the district court relied on class counsel's documented costs and summaries of the time they spent on the case and the fees applicable for the services they rendered. The court did not examine class counsel's contemporaneous time records, but it carefully reviewed the requests and summaries they submitted. The district court also received expert testimony that the fee re-

---

4. On appeal, Havird requests that we take judicial notice of four documents. None of these documents was submitted to the district court. While we may take judicial notice of evidence not submitted to the district court, generally we do not if the evidence could have been submitted to the district court. *See*

*United States v. Rutgard*, 116 F.3d 1270, 1286 (9th Cir.1997). The documents Havird wants us to judicially notice were available before the district court approved the settlement and thus could have been submitted to that court. We will not judicially notice the documents in this appeal.

quest was reasonable. Although the potential for collusion existed, nothing before the court suggested any collusion occurred, and Havird made no such showing. In these circumstances, we conclude the district court did not abuse its discretion by not examining class counsel's contemporaneous time records, conducting a more intensive inquiry, or perhaps enlisting the services of a special master.

▋ Havird contends, nonetheless, that class counsel overstated the hours they spent and the costs they incurred in the case. She points to the facts that (1) the language used in class counsel's fee request is exactly the same as that used in fee requests in other cellular antitrust cases; (2) class counsel had been caught overstating its hours in other cellular antitrust cases; and (3) class counsel claimed compensation in this case for work actually performed in other cases.[5] The district court found these contentions to be baseless. This finding is not clearly erroneous.

While class counsel may have used the same language in its fee request in this case as it used in other cases, this does not necessarily mean that class counsel was charging twice or more for the same work. The other cases, like this case, were cellular antitrust cases, and it follows that work of a similar nature would be performed and requested in all the cases. Further, even though there was evidence that Kolodny & Pressman overstated its hours in other cases, there was no showing of any overstating of hours in this case. And, as previously mentioned, there was expert testimony that class counsel's fee request was reasonable. With regard to the requested costs, the court found class counsel's actual costs exceeded its requested costs and that the requested costs were "appropriate." That finding is not clearly erroneous.

V. Calculation of Class Counsel's Fees

▋ We review for abuse of discretion a district court's method of calculating an award of attorney fees. *See Hanlon,*

150 F.3d at 1029. Havird contends the district court's final $1,000,000 fee award was excessive because it compensated class counsel for hours they had already been compensated for by the district court's earlier award of attorney fees when the U.S. West settlement was approved. At the time of that earlier award, Kolodny & Pressman, Miller Faucher, and Hagens & Berman, claimed they had expended 3,096.15; 3,137.31; and 229.5 hours on the case, respectively. The district court then awarded class counsel attorney fees in the sum of $923,390.97. This award was computed based on 25 percent of the U.S. West settlement's value.

After the AirTouch settlement, Kolodny & Pressman and Miller Faucher claimed they expended 3,835.75 and 3,773 hours on the entire litigation, respectively. The district court used the total hours class counsel spent on the entire litigation to determine a lodestar value of $1,777,449.50 for the entire case. The court then subtracted its previous award of $923,390.97, leaving a balance of $854,058.60. Then, in its May 4, 1999 order reconsidering the attorney fee award, the district court applied a multiplier of 1.082 to the cumulative lodestar value of $1,777,449.50 to get an adjusted cumulative lodestar value of $1,923,395.80. When the previous award was subtracted, the remaining balance was $1,000,004.90. Because class counsel had requested only $1,000,000, which was the agreed-upon limit to which the defendant would not object, the district court awarded that amount.

Havird contends that instead of calculating the lodestar value using the number of hours class counsel spent on the entire litigation, the district court should have limited its calculation to the number of hours class counsel spent on the litigation following approval of the U.S. West settlement. We disagree. Havird assumes that the district court's 25 percent attorney fee award at the time of the earlier U.S. West settlement compensated class counsel for all the hours they had spent on the litigation up to that time. The district court,

5. Havird makes other contentions but they do not warrant discussion.

however, did not determine that the attorney fee award at the time of the U.S. West settlement was to compensate class counsel for all the hours they had spent on the case to that point. By later calculating the lodestar value for the entire case and then subtracting the amount class counsel had previously been paid, the district court ensured that the attorney fee award after the settlement with AirTouch only included those hours that class counsel had not been compensated for by the earlier attorney fee award.[6] The district court did not err in its calculation of the final attorney fee award.

## CONCLUSION

We do not have jurisdiction to review the fairness of the class settlement because Havird's notice of appeal from that judgment was untimely. However, Havird timely appealed from the final attorney fee and cost award, and she has standing to challenge that award. The district court did not abuse its discretion by denying Havird's discovery requests, nor in making the final award of attorney fees and costs.

AFFIRMED.

---

**6.** Havird does not contend that the district court improperly apportioned the attorney fee award between AirTouch and U.S. West, nor does she challenge the district court's application of the 1.082 multiplier.