Melissa MORRIS, individually and on behalf of all others similarly situated, Plaintiff—Appellee,

Catherine Jackson, Intervenor—Appellant,

and

Darlene Tyler, Intervenor,

v.

LIFESCAN, INC., et al., Defendants—Appellees.

Melissa Morris, individually and on behalf of all others similarly situated, Plaintiff—Appellee,

Darlene Tyler, Intervenor—Appellant,

and

Catherine Jackson, Intervenor,

v.

Lifescan, Inc., et al., Defendants—Appellees.

Nos. 02–15765, 02–15779.
DC No. CV 98–20321 JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Jan. 16, 2003.

Before BRUNETTI, TASHIMA, and EZRA,* Circuit Judges.

MEMORANDUM **

Class members Darlene Tyler and Catherine Jackson appeal the district court's attorneys' fee award to class counsel of 33 percent of the $14.8 million cash settlement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellants contend that the district court erred by failing adequately to justify its upward departure from this circuit's benchmark for attorneys' fee awards of 25 percent. We review a district court's award of class action attorneys' fees for abuse of discretion. *Lobatz v. U.S. West Cellular, Inc.*, 222 F.3d 1142, 1148 (9th Cir.2000). Twenty-five percent is the benchmark attorneys' fee award in common fund cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir.2002) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989)). The district court may adjust the percentage "upward or downward to account for any unusual circumstances involved" in the case. *Paul, Johnson*, 886 F.2d at 272. "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Having reviewed the record on this issue, we conclude that the district court sufficiently specified its reasons for departing from the 25 percent benchmark. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir.2000) ("[T]he district court must specify its reasons for approving a particular attorneys' fees award so that we may conduct meaningful review."). The district court noted that class counsel achieved exceptional results in this risky and complicated class action and despite Lifescan's vigorous opposition throughout the litigation. *See Vizcaino*, 290 F.3d at 1048 (stating that exceptional results, complexity of the issues, and risk are relevant circumstances). The district court's finding that the settlement was solely the result of class counsel's work is supported by the record and therefore not clearly erroneous. *See Lobatz*, 222 F.3d at 1148 (reviewing factual findings for clear error). Finally, we have previously held that an attorneys' fee award of 33 percent was not an abuse of discretion. *See In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir.1995) (approving an award of 33 percent of a $12 million settlement fund). We conclude that the district court considered the relevant circumstances and did not abuse its discretion in finding an award of 33 percent to be reasonable. *See Vizcaino*, 290 F.3d at 1048 (requiring that the district court consider all the circumstances of the case to reach a reasonable percentage).

The district court's award of attorneys' fees is therefore

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.