## Priscilla EDWARDS, Plaintiff—Appellee,

### v.

MARIN PARK, INC., a California Corporation; Marin Park; Marin Mobilehome Park; Doris L. Bertram, individually, as Trustee of Bertram Family Trust and as Director of Marin Park, Inc., Marin Park and Marin Mobilehome Park, and as personal representative of George A. Bertram, deceased, individually and as Trustee of Bertram Family Trust and as alter ego of Marin Park, Inc., Marin Park, and Marin Mobilehome Park; Carole Holley, individually, and as owner, CEO, Secretary, CFO and agent of Marin Park, Inc., Marin Park, and Marin Mobilehome Park, the Bertram Family Trust and as alter ego of Marin Park, Inc.; John Kidd, individually, and as an agent of Marin Park, Inc., Marin Park and Marin Mobilehome Park, The Bertram Family Trust; the Bertram Family Trust, Defendants—Appellants.

No. 02–17351.
D.C. No. CV–01–04294–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Jan. 26, 2004.

Thomas A. Moore, Esq., San Francisco, CA, for Plaintiff–Appellee.

Vincent J. DeMartini, Esq., David R. Santi, Esq., Demartini & Walker, San Rafael, CA, Defendants–Appellants.

Before HAWKINS, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Defendants ("Marin Park") appeal from the district court's denial of their post-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

16

judgment motion for attorney fees as the "prevailing party" in the action under 42 U.S.C. § 3613, 42 U.S.C. § 1988, California Civil Code § 798.85, and a contractual fees provision in their lease with plaintiff Edwards. The court denied the motion because the defendants failed to comply with local rules governing fee motions. As the parties are familiar with the facts, we relate them only as necessary to explain our decision.

■ 1. Edwards claims Marin Park's appeal is untimely. If so, we lack jurisdiction to consider it. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir.2003). But Edwards is mistaken.

Final judgment was entered August 15, 2002. Defendants' fee motion, filed August 29, 2002, was timely under Federal Rule of Civil Procedure 54(d)(2)(B). Edwards filed her notice of appeal on September 13, 2002. The fees motion was denied November 1, 2002, and Marin Park's appeal was taken December 2, 2002.

Edwards argues that, under Rule 58(c), Marin Park had only thirty days from the *August 15* judgment to appeal "any" postjudgment order. This contention is incorrect. Federal Rule of Appellate Procedure 4(a) is clear: "[T]he notice of appeal ... must be filed ... within 30 days after the judgment or *order appealed from* is entered" (emphasis added). Marin Park appeals not from the August 15 judgment, but from the November 1 order denying its fees motion. The postjudgment fees motion and the appeal of the denial of the motion were therefore timely, and we have jurisdiction. *See Lobatz v. U.S. West Cellular*, 222 F.3d 1142, 1146 (9th Cir.2000) (distinguishing time to appeal final judgment from time to appeal fee award).

■ 2. By separate published opinion, we today reverse the district court's dismissal of Edwards's claim under the Fair Housing Act (FHA), 42 U.S.C. § 3617. To the extent that Marin Park sought fees as the prevailing party in an FHA action, its claim has been rendered premature and its appeal unripe: There is no judgment on the FHA claim in which Marin Park prevailed. *See Star Phoenix Min. Co. v. West Bank One*, 147 F.3d 1145, 1148 (9th Cir. 1998). We therefore vacate the district court's order insofar as it denied fees on the FHA claim and dismiss Marin Park's appeal of that part of the order. Should Marin Park later prevail on Edwards's FHA claim, it may file another Rule 54(d)(2) motion with respect to that claim only.

3. The district court denied Marin Park's fees motion, not on the merits, but for noncompliance with the local rule governing the form of attorney fee motions. *See* N.D. Cal. L.R. 54–5; Fed.R.Civ.P. 54(d)(2)(D). Marin Park does not deny that it was in technical noncompliance, but argues that the district court nonetheless erred in denying its motion solely for noncompliance with Local Rule 54–5 and then denying it the right to file a second, conforming motion. Marin Park's contentions lack merit. We review for abuse of discretion. *Armstrong v. Davis*, 318 F.3d 965, 970–71 (9th Cir.2003).

■ (a) Marin Park suggests that the fees order should be evaluated as a monetary sanction on counsel, which may be imposed only for reckless or willful misconduct, factors the district court did not find. *See Couveau v. American Airlines*, 218 F.3d 1078, 1081 (9th Cir.2000). But Marin Park points us to no authority, and we have found none, equating denial of a fees motion with a monetary sanction on counsel, rather than a sanction on the *party* making the motion. *See* N.D. Cal. L.R. 1–4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground

for imposition of any authorized sanction."). Since but for an award of fees Marin Park would be liable to its attorneys for fees incurred, *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), denial of the motion for fees was not a monetary sanction on counsel.

(b) Marin Park next argues that compliance with the rules would have been futile. Local Rule 54–5(b)(1) demands a "meet and confer" conference between the parties prior to any fees motion, as well as a particular breakdown of the time spent and ordinary rates charged by each attorney or other person whose fee is sought to be recovered. Marin Park offers no good reason why a "meet and confer" would have been more futile in this case than in any other. Its "complex legal argument" on its eligibility for a fee award is not especially complex, and the local rule unambiguously requires a conference of the parties before making *any* fee motion. Moreover, Marin Park offers no reason why compliance with the local rule's other requirements would have been futile. On the contrary, they would have allowed the court properly to assess the fees sought.

■ (c) Marin Park did not "substantially comply" with the local rule. It concedes it "did not break down the summary of hours to indicate the total time spent by each attorney and paralegal on defendants' case" as required by Local Rule 54–5(b). That rule essentially requires that a party seeking fees submit the information required for a proper lodestar calculation under *City of Burlington v. Dague,* 505 U.S. 557, 559–60, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The information submitted by Marin Park was plainly inadequate to calculate a lodestar, and so was not substantially in compliance with the rule.

Marin Park's explanation for its noncompliance is that it submitted information that would be adequate to support a fee motion in California court. But it is the duty of an attorney in federal practice to follow the applicable rules. *See Pincay v. Andrews,* 351 F.3d 947, 951 (9th Cir.2003). It was therefore not an abuse of discretion for the district court to deny Marin Park's fees motion for noncompliance with the rules. *See Adriana Intern. Corp. v. Thoeren,* 913 F.2d 1406, 1416–17 (9th Cir. 1990). Nor did the district court abuse its discretion in denying Marin Park the opportunity to re-file its motion.

VACATED in part and AFFIRMED in part. All parties shall bear their own costs on appeal.