Gregory O. THOMAS, Petitioner—Appellant,

v.

John LAMBERT, Respondent—Appellee.

No. 02–35298.

D.C. No. CV–01–00168–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2004.[*]

Decided March 5, 2004.

Brian Tsuchida, FPDWA–Federal Public Defender's Office, Western District of Washington, Seattle, WA, Gregory O. Thomas, pro se, SCCC–Stafford Creek Corrections Center, Aberdeen, WA, for Petitioner–Appellant.

John Joseph Samson, AGWA–Office of the Washington Attorney General (Olympia), Olympia, WA, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM[**]

Petitioner Gregory O. Thomas appeals the district court's denial of his habeas corpus petition. We conclude that Petitioner has untimely appealed, Fed. R.App. P. 4(a)(1)(A), and that no "unique circum-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stances" warrant an exception to the timely appeal requirement, *Osternek v. Ernest & Whinney,* 489 U.S. 169, 178–79, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). Accordingly, we lack jurisdiction and dismiss Petitioner's appeal.

The district court did not give Petitioner any "specific assurance" that any potential appeal would be deemed timely, such that unique circumstances now justify an exception to the timely appeal requirement. *Slimick v. Silva (In re Slimick),* 928 F.2d 304, 310 (9th Cir.1990) (holding unique circumstances doctrine "applies only where a court has affirmatively assured a party its appeal will be timely"). Those judicial acts Petitioner cites do not constitute specific assurances that Petitioner's appeal would be timely as they never explicitly indicated Petitioner's appeal time would be enlarged. *See, e.g., Lobatz v. U.S. West Cellular of California, Inc.,* 222 F.3d 1142, 1146 (9th Cir.2000) (holding no specific assurance existed where the court did not tell would-be appellant that her appeal would be timely or represent to her that the time to file a notice would be extended).

In any event, Petitioner could not have relied on the district court granting his motion to extend as an implicit enlargement of his time to file an appeal. The district court did not grant his motion until January 22. By that date, the proper appeal period had expired even before Petitioner received the court's order purporting to extend the period in which to file a Rule 59(e) motion. Accordingly, we dismiss Petitioner's appeal as untimely.

Petitioner's pending motion is denied as moot.

DISMISSED.