Frank A. DUSEK, on behalf of himself and all other similarly situated; Hugh Delozier, Dr. & Mrs.; State Street Bank; Birmingham Retirement & Relief Fund, Plaintiffs—Appellees,

Mel Schiff, Appellant,

v.

MATTEL INC.; Jill E. Barad; Harry J. Pearce; Michael Perik; Harold Brown; Joseph C. Gandolfo; Tully M. Friedman; Ned Mansour; Ronald M. Loeb; Andrea Rich; William D. Rollnick; Pleasant T. Rowland; Christopher A. Sinclair; John L. Vogelstein; Bruce L. Stein, Defendants—Appellees.

No. 03–56872.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided July 29, 2005.

Daniel Berger, Esq., Berger & Montague, Philadelphia, PA, Patricia I. Avery, Esq., Marian P. Rosner, Esq., Wolf Popper, LLP, New York, NY, Karen T. Rogers, Milberg Weiss Bershad Hynes & Lerach, Los Angeles, CA, Kenneth E. Steelman, Esq., Corbett & Steelman, Ir-

7. See Reddick v. Chater, 157 F.3d 715, 720–21 (9th Cir.1998); Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995) (per curiam).

vine, CA, David R. Scott, Esq., Scott & Scott, Colchester, CT, Keith F. Park, Esq., Milberg Weiss Bershad Hynes & Lerach, Charles T. McCue, Esq., William S. Lerach, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiffs-Appellees.

Russel H. Beatie, New York, NY, Jeffrey Bogert, Bel Air, CA, for Appellant.

Paul Vizcarrando, Esq., Wachtell, Lipton, Rosen and Katz, New York, NY, John W. Spiegel, Esq., Kathleen M. McDowell, Esq., James C. Rutten, Esq., Munger Tolles & Olson, LLP, Ines M. Cho, Esq., Michael H. Diamond, Esq., Milbank, Tweed, Hadley & McCloy LLP, Los Angeles, CA, Michael F. Connolly, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for Defendants-Appellees.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Objector–Appellant Mel Schiff appeals from the district court's order granting final approval of a proposed global settlement of both this class action and the related class action in *Thurber v. Mattel, Inc.,* D.C. No. CV–99–10368–MRP (C.D.Cal.). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history, we do not repeat it here except to the extent necessary for our disposition.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## I.

Schiff first argues that the district court erred in granting final approval of the proposed settlement because neither the class counsel nor the class representatives were adequate representatives of the *Dusek* class as required by Rule 23(a)(4) of the Federal Rule of Civil Procedure. We review the district court's order granting final approval of the proposed settlement—including its determination that the class counsel and the class representatives were adequate—for abuse of discretion. *Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir.2003). For the reasons set forth below, we conclude that the district court did not abuse its discretion.

*First,* Schiff overstates the degree to which there was a potential or actual conflict of interest between the *Dusek* class and the *Thurber* class. As Schiff conceded at oral argument, there is likely "considerable overlap" between the two classes.

*Second,* to the extent there may have been a potential or actual conflict of interest, the district court took precautionary measures sufficient to protect the interests of the *Dusek* class. Specifically, the district court charged the law firm of Wolf Popper LLP with the responsibility of being "primarily in charge of prosecuting the *Dusek* § 14(a) case." Further, the district court appointed the DeLoziers as one of the two class representatives, and the plaintiffs represent without objection by Schiff that the value of the DeLoziers' § 14(a) claim "far exceeded" and was "much larger" than that of their § 10(b) claim.

*Third,* the district court was in a better position to evaluate the advocacy by the class counsel and the class representatives than are we, and it found that "Wolf Pop-

of this circuit except as provided by Ninth Circuit Rule 36–3.

per LLP vigorously prosecuted the *Dusek* action and zealously represented the interests of the *Dusek* Class members." It likewise found that "[t]he Class Representatives vigorously prosecuted the *Thurber* action and the *Dusek* action and are adequate representatives of the Classes."

By contrast, the only concrete example that Schiff offers as evidence that the representation afforded by the class counsel and the class representatives was inadequate is the allocation of the settlement fund.[1] However, the record suggests otherwise. To begin, we are not persuaded, as Schiff argues, that the § 14(a) claims raised by the *Dusek* class were necessarily more valuable than the § 10(b) claims raised by the *Thurber* class such that had the *Dusek* class been adequately represented, it would have received a larger share of the proposed settlement than did the *Thurber* class. In any event, the settlement allocation was proposed by a court-appointed mediator rather than the class counsel or the class representatives that were allegedly conflicted. Moreover, even if it is true that the § 14(a) claims brought by the *Dusek* class were easier to litigate, Schiff fails to acknowledge that members of the *Dusek* class are expected to receive eight cents—about 18.6 percent—more per share than will members of the *Thurber* class. Further, Wolf Popper represents without objection by Schiff that the $61 million settlement for the *Dusek* class is "one of the largest settlements of a 14(a) claim ever." Finally, we note that only 15 class members accounting for about 500 shares of Mattel opted out of the settlement, the Schiff Group's was the only objection to the terms of the proposed settlement (as opposed to the fee applications), and Schiff himself, who we understand owns no more than 30 shares of Mattel, is the only remaining objector.

Accordingly, the district court did not abuse its discretion in granting final approval of the proposed settlement.

## II.

Schiff also argues that the magistrate judge erred by quashing the Schiff Group's notices of deposition and subpoenas and by precluding further such discovery regarding the settlement negotiations. We review such a denial of a request for discovery for abuse of discretion, *Lobatz v. U.S. West Cellular of California, Inc.,* 222 F.3d 1142, 1147 (9th Cir.2000), and hold that the magistrate judge did not abuse her discretion.

We noted in *Lobatz* that "[s]ettlement negotiations involve sensitive matters" and, thus, held that " 'discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.' " *Id.* at 1148 (quoting *Mars Steel Corp. v. Continental Illinois National Bank & Trust Co.,* 834 F.2d 677, 684 (7th Cir.1987)). Assuming without deciding that *Lobatz* permits discovery where, as here, the allegation is not that the class counsel and the class representatives colluded with the defendants but that they labored under a conflict of interest, for the reasons noted in Part I above, Schiff has failed to make the requisite foundational showing.[2]

AFFIRMED.

---

1. At oral argument, Schiff contended that the conflict of interest necessarily manifested earlier, but, despite repeated questioning, provided no concrete examples.

2. Having so concluded, we need not address

whether the Ninth Circuit should recognize a federal mediation privilege and, if so, whether it applies here.