Clare **MILNE, by and through Michael Joseph Coyne, her receiver,** Plaintiff—Appellant,

v.

**STEPHEN SLESINGER, INC.,** Defendant—Appellee.

No. 04–57189.

D.C. No. CV–02–08508–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Dec. 8, 2005.

David Nimmer, AUSA, Irell & Manella, LLP, Los Angeles, CA, Daniel M. Petrocelli, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, for Plaintiff-Appellant.

Roger L. Zissu, Esq., Fross Zelnick Lehrman & Zissu, PC, New York, NY, Ronald T. Wasserman, Esq., Wasserman & Wasserman, Torrance, CA, for Defendant–Appellee.

Laura A. Wytsma, Esq., Sonnenschein Nath & Rosenthal, Los Angeles, CA, Howard H. Weller, Esq., Sonnenschein, Nath and Rosenthal, New York, NY, for Third–Party–Defendant–Appellee.

Before WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

The parties have filed several motions over the course of this appeal. First, the appellee, Steven Slesinger, Inc. ("SSI"), has filed a motion for the court to take judicial notice of the following alleged facts: (1) in 1982, a Michael Brown was appointed as the receiver for the appellant, Clare Milne ("Milne"); (2) in 1972, Christopher Milne assigned half of his share in the Pooh Properties Trust to Brown and another individual in trust for Milne; (3) in March and April 1983, Milne was a beneficiary of the Pooh Properties Trust; and (4) the contents of a March 31, 1983 agreement between the Pooh Properties Trust and Disney. Second, SSI filed a motion to strike portions of Milne's reply brief, namely: (1) Milne's denial that she has proceeded in lock step with Disney throughout this litigation, and (2) Milne's elaboration on the record of SSI's state court litigation with Disney. Finally, Milne objects to a notice of errata by which SSI corrects a mistaken citation in its answering brief, substituting its citation of 17 U.S.C. § *304(c)* with 17 U.S.C. § *203(a)*. We deny all three motions.

The first three items submitted by SSI for judicial notice are not facts beyond reasonable dispute; rather, they are legal conclusions about relationships created by law and transfers of interest. *See* FED. R.EVID. 201(b) (providing that a court may take judicial notice of matters that are generally known by the court or capable of accurate and ready determination by reliable sources). The fourth item submitted is also improper for judicial notice because, aside from lacking relevance, it could have been submitted to the district court. *See Lobatz v. U.S. Cellular of Cal., Inc.*, 222

F.3d 1142, 1148 (9th Cir.2000) ("While the court of appeals may take judicial notice of evidence not submitted to the district court, it generally does not do so if the evidence could have been submitted in the proceedings below.").

In addition, SSI's motion to strike erroneously assumes that the disputed portions of Milne's reply brief refer to matters outside the record. Both statements are relevant to the extent that they address issues previously raised by SSI.

Lastly, the change contemplated by the notice of errata has virtually no effect on either party's argument. Accordingly, the parties' motions are

DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.