**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Reese WILLIAMS,
Defendant–Appellant.**

No. 06–30095.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Helen J. Brunner, Esq., Karyn S. Johnson, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Judith M. Mandel, Esq., Carol A. Elewski, Esq., Tumwater, WA, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Michael Reese Williams appeals from the 120–month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Williams first contends that counsel's failures deprived him of the right to counsel. We disagree. The record demonstrates that counsel allocuted on behalf of Williams and requested a sentence at the low end of the Guidelines range, which the court granted. Accordingly, this was not a situation in which "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *See Bell v. Cone,* 535 U.S. 685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), *quoting United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Williams next contends that his counsel provided ineffective assistance. Because claims of ineffective assistance of counsel are generally reserved for collateral proceedings and are inappropriate for direct review, we decline to address Williams' contention. *See United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991) (stating that as a general rule ineffective assistance of counsel claims should be brought in a 28 U.S.C. § 2255 motion).

We grant appellant's motion for leave to file a supplemental brief. The Clerk is directed to file appellant's supplemental brief received on July 20, 2006, and to file the supplemental answering brief received on September 11, 2006.

In the supplemental briefing, Williams contends that the district court violated Fed.R.Crim.P. 32(i)(1)(A) because counsel informed the court that he had not discussed the Presentence Report ("PSR") with Williams prior to sentencing. He contends that this was prejudicial because, had his counsel reviewed the PSR with him prior to sentencing, he could have assisted in contesting a one-point enhancement to his criminal history score. Be-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause the record provides an insufficient basis on which to conclude whether Williams was prejudiced, we vacate and remand to the district court for further consideration of this issue. *See United States v. Sustaita,* 1 F.3d 950, 954 (9th Cir.1993).

Williams finally contends that he is entitled to a limited remand because he was originally sentenced under a mandatory Guidelines regime, and the district court did not consider its discretion under the advisory Guidelines when it entered the revised judgment. The government concedes that remand is appropriate.

Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court for further proceedings consistent with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

We deny Williams' motion for judicial notice as this information could have been submitted to the district court. *See Lobatz v. U.S. Cellular of Cal., Inc.,* 222 F.3d 1142, 1148 (9th Cir.2000).

**VACATED and REMANDED.**