**In re: RIVERSTONE NETWORKS, INC.,**

**Dennis Pasparage, on Behalf of Himself and All Others Similarly Situated; Jerome Neil Deutsch, Plaintiffs–Appellees,**

**Sheldon Chandler, Objector–Appellant,**

v.

**Riverstone Networks, Inc.; Piyush Patel; Romulus Pereira; Robert Stanton; Suresh Gopalakrishnan; John Kern, Defendants.**

No. 05–17272.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007.*

Filed Nov. 28, 2007.

Kevin J. Yourman, Esq., Weiss & Your-
man, Timothy J. Burke, Esq., Stull Stull &
Brody, Michael Braun, Braun Law Group,
PC, Los Angeles, CA, Robert S. Green,
Esq., Green Welling, LLP, San Francisco,
CA, Kay E. Sickles, Esq., Andrew L. Bar-
roway, Esq., Schiffrin Barroway Topaz &
Kessler, LLP, Radnor, PA, for Plaintiffs–
Appellees.

Roy B. Thompson, Lake Oswego, OR,
Merrisa L. Coleman, Esq., Law Office of
Merrisa L. Coleman, San Jose, CA, for
Objector–Appellant.

Paul T. Friedman, Esq., Morrison &
Foerster, LLP, San Francisco, CA, for
Defendants.

Before: HALL and BYBEE, Circuit
Judges, and ZAPATA,** District Judge.

## MEMORANDUM ***

Sheldon Chandler appeals the district
court order granting him attorneys' fees in
an amount less than requested for services
provided as an objector to proposed attor-
neys' fees for class counsel in a securities
fraud putative class action settlement. We
have jurisdiction pursuant to 28 U.S.C.
§ 1291.

The district court granted Chandler
$5,000 in attorneys' fees and $1,500 in ex-
penses to be paid from the settlement
fund. The district court denied Chandler's
request for an incentive fee.

"Attorneys' fees awards are generally
reviewed for an abuse of discretion."
*Class Plaintiffs v. Jaffe & Schlesinger,
P.A.,* 19 F.3d 1306, 1308 (9th Cir.1994).
"Whether the district court applied the
correct legal standard is reviewed de

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** The Honorable Frank R. Zapata, United
States District Judge for the District of Ari-
zona, sitting by designation.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

novo." *Id.* This court reviews the district court's factual determinations for clear error. *Lobatz v. U.S. West Cellular of California, Inc.,* 222 F.3d 1142, 1148 (9th Cir. 2000).

The fee awarded to objectors "need only 'be reasonable under the circumstances.'" *Wininger v. SI Management L.P.,* 301 F.3d 1115, 1123 (9th Cir.2002) (quoting *Florida v. Dunne,* 915 F.2d 542, 545 (9th Cir.1990)) (addressing fees for class counsel).

"[T]he district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir.2002). Where an attorney's investment in a case is minimal, the lodestar calculation may convince a court that a lower award is justified. *See id.* at 1050.

The district court applied the lodestar method, finding that Chandler raised objections similar to those already raised by another objector and thus, "provided some—though not a major or extensive—benefit to the common fund." The district court did not err in finding that the hours Chandler claimed were excessive and that Chandler's objection accomplished "essentially the same thing" as the three-page letter submitted by the first objector.

Furthermore, Chandler's objections were only partially responsible for the reduction in class counsel's attorneys' fees. The district court acted within its discretion when it discounted hours that did not benefit the class. *Wininger,* 301 F.3d at 1125–27.

Finally, the district court did not abuse its discretion by denying Chandler a risk multiplier. Chandler's work was not extremely difficult given that similar objec-

tions had already been aired. *See id.* at 1126.

AFFIRMED.