**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff - Appellee*,

v.

GABRIEL DEAN WATTERS,
*Defendant - Appellant*.

No. 11-10362

D.C. No.
2:09-cr-00198-
JAM-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted
January 17, 2013—San Francisco, California

Filed June 5, 2013

Before: J. Clifford Wallace, Jerome Farris,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Wallace

## SUMMARY[*]

### Criminal Law

Affirming a conviction for making a false statement and obstruction of justice under 18 U.S.C. §§ 1001 and 1512(c), the panel rejected the defendant's contention that the district court erred by not including the words "evil" and "wicked" in its instruction to the jury on the meaning of "corruptly" in § 1512(c).

### COUNSEL

Mark J. Reichel (argued), Reichel & Plesser, L.L.P., Sacramento, California, for Defendant-Appellant.

R. Steven Lapham (argued) and Lee S. Bickley, Assistant United States Attorneys, Sacramento, California, for Plaintiff-Appellee.

### OPINION

WALLACE, Senior Circuit Judge:

Watters appeals from his conviction for making a false statement and obstruction of justice under 18 U.S.C. §§ 1001 and 1512(c). In a separately filed unpublished disposition we

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

consider most of Watters's claims. In this opinion we deal only with his claim that the district court gave an erroneous instruction on 18 U.S.C. § 1512(c). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

On April 29, 2009, Watters was indicted on nineteen counts of conspiracy, transportation of stolen vehicles, and sale or receipt of stolen vehicles under 18 U.S.C. §§ 371, 2312, and 2313. The government alleged that Watters traveled to New Orleans in the wake of Hurricane Katrina as part of an unlawful scheme to take and sell vehicles left behind by their owners during the storm.

In the time between the indictment and his trial, Watters lived with his cousin Starr for six weeks. In 2008, the Federal Bureau of Investigation (FBI) contacted Starr to discuss Watters. Starr left with the impression that the FBI wanted Starr to find out whatever he could about Watters's car sales and report back.

Starr testified at trial that while he and Watters lived together, Watters had stated that he planned to acquire a forged receipt to show that he had purchased some of the vehicles in question. Starr relayed this information to the FBI.

At a subsequent pretrial hearing, Watters's attorney gave a copy of a receipt to the government purportedly showing that Watters purchased some of the vehicles on which the indictment was based from a salvage yard in New Orleans. Shortly thereafter, the government filed a superseding indictment against Watters alleging, in additional to the

original charges, that Watters obstructed justice and made a false statement.

Watters was subsequently convicted of obstruction of justice and making a false statement and acquitted on all other charges. He appeals from that judgment on multiple grounds. The only argument we consider here is whether the district court properly charged the jury as to the meaning of the word "corruptly" in 18 U.S.C. § 1512(c). We review de novo whether an instruction correctly defines the elements of an offense. *United States v. Anaya-Acosta*, 629 F.3d 1091, 1093 (9th Cir. 2011).

## II

18 U.S.C. § 1512(c) penalizes one who "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so." The district court instructed the jury that "corruptly" meant acting with "consciousness of wrongdoing." Watters argues that the court should have instead instructed the jury that "corruptly" means "acting with an evil or wicked purpose," relying on language in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) and *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1972).

As a threshold matter, we must make clear that *Arthur Andersen* defined terms found in 18 U.S.C. § 1512(b), which is formulated differently than section 1512(c), the provision at issue here. Section 1512(b) penalizes "knowingly" doing one of four things, one of which is "corruptly persuad[ing]." *Arthur Andersen* analyzed the meaning of "knowingly corruptly," and concluded with a definition that was a synthesis of the two terms: "consciousness of wrongdoing." 544 U.S. at 705–06 ("Joining these meanings together here

makes sense both linguistically and in the statutory scheme. Only persons conscious of wrongdoing can be said to knowingly . . . corruptly persuade") (internal quotation marks omitted). Section 1512(c), on the other hand, does not have a "knowingly" component. It follows that using *Arthur Andersen*'s formulation to define section 1512(b) would impose an unnecessary knowledge requirement.

However, the flaw in the instruction does not require reversal—if anything, the district court placed a higher burden of proof on the government than section 1512(c) demands. If the jury convicted under the higher burden, it would have convicted under the lower. Thus, it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Awad*, 551 F.3d 930, 938 (9th Cir. 2009).

We need not, at this point, launch into a full scale interpretive process to come up with a definition of "corruptly" in section 1512(c)—what would be an issue of first impression—because the parties have not raised it. Rather, Watters has restricted his argument to the proposition that *Arthur Andersen* and *Ryan* required the inclusion of the words "wicked" and "evil." We therefore will confine our analysis to those cases, and leave the issue of a comprehensive definition of "corruptly" in section 1512(c) for a case in which it is properly raised.

Obviously, because *Arthur Andersen* is not directly applicable to section 1512(c), Watters is wrong that the case required the district court to define corruptly in the manner he suggests. Even if some part of *Arthur Andersen*'s reasoning regarding section 1512(b) could be stretched to cover section 1512(c), Watters's argument would fail. While the Court in

*Arthur Andersen* did observe, citing various dictionaries, that "corruptly" is generally associated with "wrongful, immoral, depraved, or evil," 544 U.S. at 705, the Court's holding was not that the definition of "corruptly" had to include those words. Rather, consideration of the dictionaries was merely a step towards the Court's ultimate conclusion, which was that to act "knowingly corruptly" requires "consciousness of wrongdoing." *Id.* at 706. Therefore, *Arthur Andersen* does not require inclusion of the words "evil" or "wicked" when defining "corruptly" in section 1512(b), and certainly cannot be read to require those words in the definition of section 1512(c).

As for *Ryan*, it is true that the opinion states that "[t]he word 'corrupt' in [18 U.S.C. § 1503] means for an evil or wicked purpose." 455 F.2d at 734. However, to whatever extent this statement about section 1503 is even applicable to section 1512(c), we have held that it is dicta. *See United States v. Rasheed*, 663 F.2d 843, 852 (9th Cir. 1981).

We therefore reject Watters's argument that the district court erred by not including the words "evil" and "wicked" in the challenged instruction.

**AFFIRMED.**