NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50063 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-00061-AG |
| v. | |
| KEN LIANG, | MEMORANDUM* and ORDER |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted March 5, 2018**
Pasadena, California

Before:  GRABER and OWENS, Circuit Judges, and MAHAN,*** District Judge.

Defendant Ken Liang appeals his convictions and sentence for conspiracy to

obstruct justice (18 U.S.C. § 1512(k)), obstruction of justice (*id.* § 1512(c)(2)), and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

persuading another to engage in conduct with the intent to hinder communication of information regarding a violation of conditions of release (*id.* § 1512(b)(3)). We affirm.

1. The government presented sufficient evidence at trial to support defendant's conviction for attempting to obstruct, influence, or impede an official proceeding under § 1512(c)(2).[1] Evidence in the record supports a finding that defendant acted with a corrupt state of mind. *See United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013). Further, the government presented evidence that defendant took substantial steps towards commission of the crime that "corroborate[d] strongly the firmness of [his] criminal intent." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (internal quotation marks omitted).

The government presented sufficient evidence at trial to support defendant's conviction for conspiracy to obstruct justice. *See* 18 U.S.C. § 1512(k).

The government presented sufficient evidence at trial to support defendant's conviction for corruptly persuading his former client to engage in conduct with the intent to hinder communication of information regarding anticipated violations of conditions of release. Defendant persuaded his former client to affirmatively lie to

---

[1] This court has not ruled on whether 18 U.S.C. § 1512(c)(2) contains a nexus requirement to an official proceeding, and we do not decide the issue, because the government presented sufficient evidence in this case for a reasonable trier of fact to find a nexus between defendant's conduct and an official proceeding.

government officials regarding her pretrial release conditions, which violates § 1512(b)(3). *See United States v. Khatami*, 280 F.3d 907, 914 (9th Cir. 2002).

2. The district court, sitting as the finder of fact, did not err in rejecting defendant's entrapment defense, as the government provided sufficient evidence for a reasonable trier of fact to conclude that defendant was predisposed to committing the offense. *See United States v. Mohamud*, 843 F.3d 420, 432 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 636 (2018).

Further, the entrapment by estoppel doctrine does not apply here, as no authorized government official affirmatively told defendant that his conduct was permissible. *See United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004).

3. Defendant raises, for the first time on appeal, two statutory defenses to his conviction: 18 U.S.C. § 1512(e) and 18 U.S.C. § 1515(c). As defendant did not raise these defenses at the trial court level, we hold that he has waived the right to assert these defenses on appeal. *See United States v. Lo*, 231 F.3d 471, 480–81 (9th Cir. 2000) (holding that the defendant forfeited the affirmative defense of statute of limitations by not raising it at trial).

4. Defendant asserts that the attorney-client privilege protects his communications with Li and Li's communications with O'Neil. As defendant did not assert the privilege at the trial court level, we hold that he has waived the right to assert the privilege on appeal. *See United States v. Vo*, 413 F.3d 1010, 1017 (9th

3

Cir. 2005) (holding that failure to assert the marital-communications privilege at trial waived the right to assert the privilege on appeal).

5. We reject defendant's argument that the government and the trial court constructively amended the indictment. The reference to attempt in the prosecutor's closing argument relates to count two (obstruction of justice) and not count one (conspiracy). Further, "[w]hen, as here, the statute speaks disjunctively, the conjunctive is not required even if the offense is charged conjunctively in the indictment." *United States v. Arias*, 253 F.3d 453, 457–58 (9th Cir. 2001). Finally, the court order denying defendant's post-trial motions properly addressed all arguments raised in defendant's motions.

6. Defendant asserts that two government agents testified falsely at trial. Because defendant does not show that the disputed testimony was knowingly false, he cannot demonstrate that the agents perjured themselves. *See Hayes v. Ayers*, 632 F.3d 500, 520 (9th Cir. 2011).

7. We reject defendant's argument that the government committed prosecutorial misconduct while arguing defendant's Rule 29 motion and during closing argument. The majority of the government's statements accurately summarized the evidence or drew reasonable inferences from the evidence, and were therefore permissible. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997). Further, none of the statements shifted the focus of the

4

government's arguments from evidence to emotion, and thus the statements did not impair defendant's right to a fair trial. *See United States v. Santiago*, 46 F.3d 885, 890–91 (9th Cir. 1995). Finally, the cumulative effect of the few slight misstatements by government counsel did not prejudice defendant's right to a fair trial. *See United States v. Flores*, 802 F.3d 1028, 1037–38 (9th Cir. 2015).

8.      Defendant asserts that the court committed three structural errors that defendant contends warrant reversal of his conviction and sentence.

We hold that the trial court did not plainly err when it accepted defendant's waiver of his right to a jury trial. Defendant's waiver did not need to be in writing. *See United States v. Shorty*, 741 F.3d 961, 966 (9th Cir. 2013). Further, the court conducted an adequate colloquy under the circumstances to ensure that the defendant, a lawyer, understood the significance of waiving his right to a jury trial. *See id.* at 966–69; *see also United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).

Defendant does not present a colorable argument that the speed of the running translation on the video recordings presented at trial prejudiced defendant's right to a fair trial. The transcripts of the conversations, not the video subtitles, were the evidence, *see United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998), and defendant does not argue that the trial court neglected to review the transcripts.

As the pretrial press release is not properly in front of this court, *see Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 n.4 (9th Cir. 2000); *United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir. 1979), we will not consider defendant's argument regarding the press release.

9.      We deny defendant's motion to supplement.  We grant the government's motions to strike.

**AFFIRMED.**